[Crim. No. 21293. Second Dist., Div. Three. June 26, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
ELBERT EUGENE ROBERTS, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, District Attorney, Harry Wood and Thomas J. Barnett, Deputy District Attorneys, for Plaintiff and Appellant.

Earl J. McDowell for Defendant and Respondent.

## OPINION

**SCHWEITZER, Acting P. J.**—Defendant was charged in five counts with having aided and abetted five children, ages 8 to 13 years of age, to commit

violations of Penal Code section 288 with themselves and with one another. The People appeal from an order setting aside counts I and II of the information. (Pen. Code, § 995.)

In granting the motion to dismiss these two counts the trial court stated that there was no evidence that defendant touched the alleged victims mentioned therein, that to constitute a violation of section 288, evidence of physical touching for sexual reasons is required; and that a person does not violate section 288 if he only advises and encourages children to commit acts proscribed by the section. On appeal the People dispute these rulings and argue that one who advises and encourages another to commit acts in violation of section 288 is guilty thereof as a principal. (Pen. Code, § 31.[1]) On the other hand defendant contends that a person under the age of 14 years is incapable of committing crime (Pen. Code, § 26[2]) and therefore he cannot be guilty of aiding and abetting a person to commit a crime which cannot be legally committed. Defendant also points out that since there was no evidence of force, fear or duress, the children were accomplices (Pen. Code, § 1111), and that he cannot be convicted on the uncorroborated testimony of the children.

Only a brief reference to the facts is necessary. The transcript of the preliminary hearing indicates that over a period of several months defendant instructed and encouraged the five alleged victims (ages 8 to 13), including Jeanie (count I) and Susan (count II), to engage in natural and unnatural sexual activities. The events were detailed explicitly by each of the children; magazines and equipment referred to by the children were recovered by the police, acting under the authority of a search warrant.

Each count of the information charged defendant with having "aided and abetted" the commission of the crime. Although section 288 speaks of lewd and lascivious acts upon a child, we know of no authority that requires that a defendant, charged as an aider and abettor, must have actual physical contact with the victim. The question has been considered in related offenses. Thus it has been held that a man may be convicted of being a principal in the rape of his wife if he aided and abetted its commission by another person, even though rape is defined as an act of sexual

---

[1]Penal Code section 31 provides in part: "[A]ll persons counseling, advising, or encouraging children under the age of fourteen years . . . to commit any crime . . . are principals in any crime so committed."

[2]Penal Code section 26 provides in part: "All persons are capable of committing crimes except . . . [c]hildren under the age of fourteen, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."

intercourse accomplished with a female not the wife of a perpetrator. (*Matter of Application of Kantrowitz,* 24 Cal.App. 203 [140 P. 1078].) A woman is guilty of statutory rape if she aids and abets the rape of her minor daughter. (*People* v. *Haywood,* 131 Cal.App.2d 259 [280 P.2d 180].) An adult may be guilty of statutory rape if he aids and abets another person to have sexual intercourse with a 16-year-old girl. (*People* v. *Lewis,* 113 Cal.App.2d 468 [248 P.2d 461].) ■ We therefore conclude that the trial court erred in holding that one charged as an aider and abettor must have physical contact with the victim to be guilty of a section 288 charge.

■ We turn to defendant's major contention, that since the children were incapable of committing a crime (Pen. Code, § 26), he cannot be guilty as a principal "in any crime so committed." (Pen. Code, § 31.) Although each section was enacted in 1872, the apparent inconsistencies between the two sections have never been considered in a reported decision. Literal construction, as urged by defendant, would result in strange consequences. For example, section 26 also states that idiots, lunatics and insane persons are incapable of committing crimes, and yet section 31 states that a person who counsels, advises or encourages a lunatic or idiot to commit a crime is a principal in the crime so committed. If defendant's contention were sound, no person could be successfully prosecuted for counseling, advising or encouraging a lunatic or idiot to commit arson or other crimes. It certainly is not reasonable to assume that the Legislature intended that a principal be granted immunity from criminal prosecution because of the legal disability of the active participant in a crime. It is more reasonable to assume that the Legislature intended by section 26 to merely relieve the persons listed therein from responsibility for criminal conduct and by section 31 to hold the aider and abettor liable as a principal "in any crime so committed." These quoted words would be meaningless if we reached a contrary conclusion. We therefore conclude that there is no merit to defendant's contention that he is relieved of criminal responsibility as a principal for aiding and abetting, or for counseling, advising, or encouraging persons under legal disability to commit a crime.

Furthermore, the contention lacks merit on another ground. Defendant's argument is based on the erroneous assumption that section 26 exempts *all* children under 14 from criminal responsibility; the statute provides that a child under 14 is capable of committing a crime if there be "clear proof that at the time of committing the act charged [he] knew its wrongfulness." (Pen. Code, § 26.) Although here the magistrate made no finding that either of the victims alleged in counts I and II knew that the acts were wrongful, their knowledge of wrongfulness may be inferred from

the record.  ■  In determining a section 995 motion, the trial court is bound by the rule that "[e]very legitimate inference that may be drawn from the evidence must be drawn in favor of the information. [Citation.]" (*People* v. *Hall,* 3 Cal.3d 992, 996 [92 Cal.Rptr. 304, 479 P.2d 664].)

Defendant's last contention, that the children were accomplices and that their testimony must be corroborated (Pen. Code, § 1111), has been raised prematurely; it must be determined at trial. (*People* v. *McRae,* 31 Cal.2d 184, 186-187 [187 P.2d 741].)

Order setting aside counts I and II of the information is reversed.

Cobey, J., and Allport, J., concurred.