[Crim. No. 39990. Second Dist., Div. Two. Apr. 19, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHN MICHAEL BUDISH, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Andrew Mason and Ronald B. Davey, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**COMPTON, J.**—Defendant John Michael Budish was charged in an information with unlawfully burning inhabited structures and property (Pen. Code, § 452, subd. (b)) and forest land (Pen. Code, § 452, subd. (c)). The People appeal from a superior court order setting aside the information after granting defendant's motion pursuant to Penal Code section 995. We affirm.

Early in November of 1980, Roy Martinez and his partner, Adrian Ruiz, hired defendant to clear brush and to keep trespassers from their unimproved property located in a canyon in mountainous terrain.

Defendant and his girl friend, Danielle De Pas, lived in an employer-furnished trailer on the property. The propane stove in the trailer lacked fuel and although the owners promised to remedy the lack, they failed to do so. Defendant and De Pas in order to heat water were forced to rely on a campfire made in a small stone fire ring on the premises.

The owners had cautioned defendant against lighting fires but were aware that defendant was using the fire ring and on at least one occasion they accepted hot coffee from defendant when they visited the property. A Los Angeles County sign prohibiting fires in the area was posted beside a road adjoining the property.

On November 15, defendant made a campfire for his breakfast coffee, sometime between 6 a.m. and 8 a.m. Defendant stated that after using the fire he extinguished it with sand.

The morning was clear and calm until shortly after 8 when a so-called Santa Ana wind arose. When the owners arrived at the trailer shortly after 9 o'clock, the wind was so strong that it several times overturned a portable outhouse. The wind ultimately reached speeds in excess of 50 miles per hour, and was described as the strongest Santa Ana wind experienced in years. Because of the terrain the surface winds swirled and eddied.

Shortly after 10 a.m., passers-by discovered a fire on the premises and alerted defendant. The wind caused the fire to spread over a wide area and frustrated attempts to contain it. Over 80 homes were lost or damaged in neighboring communities and over 6,000 acres, along with some structures, were consumed in the adjacent national forest.

Eyewitness testimony was in conflict as to whether the fire originated at the fire ring or elsewhere. Expert witnesses for the prosecution opined that sparks from the fire ring were blown by the high wind onto flammable materials causing the conflagration. Defense experts expressed the view that careless smoking by unknown persons in the vicinity was a more likely source of ignition.

The trial court ruled that, although the evidence was ample to support the magistrate's finding that the defendant's action in setting the fire in the ring was the proximate cause of the destructive fire, there was no evidence to support a finding that defendant had acted recklessly. We agree.

■ Penal Code section 995 requires that an information be set aside if a defendant has been committed without reasonable or probable cause. (*People* v. *Patino* (1979) 95 Cal.App.3d 11, at p. 25 [156 Cal.Rptr. 815].) Conversely, an information will not be set aside if there is a rational basis for concluding that the offense has been committed and that the defendant is guilty thereof. (*People* v. *Hall* (1971) 3 Cal.3d 992, 993 [92 Cal.Rptr. 304, 479 P.2d 664].) Proof beyond a reasonable doubt is not necessary. (*People* v. *Velasquez* (1975) 53 Cal.App.3d 547, at p. 553 [126 Cal.Rptr. 11].)

In reviewing the decision of the magistrate, a trial or appellate court is bound by the rule that every legitimate inference be drawn in favor of the magistrate's decision. (*People* v. *Roberts* (1972) 26 Cal.App.3d 385 [103 Cal.Rptr. 25].) The ultimate conclusion of the magistrate is nonetheless open to challenge on review by the trial court on a section 995 motion and by this court on appeal. (See *People* v. *Farley* (1971) 19 Cal.App.3d 215, at p. 221 [96 Cal.Rptr. 478].)

The charging statute, Penal Code section 452, provides: "A person is guilty of unlawfully causing a fire when he *recklessly* sets fire to or burns or causes to be burned, any structure, forest land or property." (Italics added.) Penal Code section 450 defines reckless as follows: "(f) 'Recklessly' means a person is aware of and consciously disregards a substantial and unjustifiable risk that his or her act will set fire to, burn, or cause to burn a structure, forest land, or property. The risk shall be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto."

The foregoing definition follows that of Model Penal Code section 2.02, which defines "recklessly" as follows: "A person acts *recklessly* with respect to a material element of an offense when he *consciously disregards* a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its *disregard* involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation."

That section also defines *negligently* as follows: "A person acts *negligently* and with respect to a material element of an offense *when he should be aware* of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's *failure to perceive it*, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation." (Italics added.) (See Model Pen. Code, § 2.02, p. 26 (Final Draft, May 4, 1962).)

The distinction drawn by the model code between reckless conduct and negligent conduct lies in conscious disregard of the risk by the reckless actor and failure to perceive the risk by the negligent actor. ██
In the case at bench, there is simply no evidence that the defendant was aware of the risk of widespread conflagration and that he consciously disregarded that risk. Deprived by his employer of an operating and safe stove in his living quarters, the defendant simply used the only available means, a primitive fire ring, to obtain hot water, the most minimum of creature comforts.

Having used the campfire for many days out of sheer necessity, without incident and apparently with due care, the defendant cannot reasonably be said to have consciously disregarded the risk so as to characterize his actions as reckless.

Assuming arguendo the small campfire was the source of the fire, the unprecedented wind force at the scene was not a factor which the defendant could have reasonably anticipated. Thus his conduct did not amount to a conscious disregard of the risk in making a small contained campfire during the early morning calm of that day. Nor could his act be characterized as a gross deviation from normal standards of conduct in satisfying a normal desire for an early morning hot drink. The defendant's negligent failure to perceive the risk did not amount to reckless conduct.

We agree with the trial court that there was no evidence that the defendant actually appreciated the risk of what ultimately occurred or that he consciously disregarded such risk. In determining whether defendant was guilty of violating a *penal* statute we must strictly construe the statute uninfluenced by the extent of the harm which resulted. (*Somers* v. *Superior Court* (1973) 32 Cal.App.3d 961, 969 [108 Cal.Rptr. 630].) In brief, the People's case does not meet the statutory standard for reckless conduct.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.