[No. B022295. Second Dist., Div. Two. June 10, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
KERRY V. BELL, Defendant and Appellant.

**COUNSEL**

Richard D. Rome, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, William T. Harter and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GATES, J.**—Defendant Kerry V. Bell appeals from the judgment entered following a nonjury trial that resulted in his conviction of solicitation to commit a sexual assault (count I; Pen. Code, § 653f, subd. (c)) and pandering. (Count II; Pen. Code, § 266i, subd. (f).) Probation was denied and he was sentenced to state prison on count II for the midterm of 6 years. The sentence on count I was stayed pending completion of the sentence on count II and then permanently. He contends: [¶] "I. Appellant's conduct did not constitute a violation of Penal Code section 653(f)(c) since appellant did not solicit anyone to commit a violation of Penal Code section 288. [¶] II. Appellant's conduct did not constitute a violation of Penal Code section 266(i)(f) since appellant did not agree to give money for the purpose of prostitution. [¶] III. Appellant's sentence constituted cruel and unusual punishment. [¶] IV. The court erred in sentencing appellant to the six year midterm."

Viewed in the light most favorable to the judgment as required by the usual rule governing appellate review, the evidence establishes that in mid-June 1985 appellant offered a prostitute $200 to locate a young girl of about five, "preferably [one] that . . . had been fucked before," for a "date."

This woman promptly reported the incident to the police. After she had spoken to Dale Barraclough, an officer assigned to the Sexually Exploited Child Unit of the Los Angeles Police Department, she advised appellant she "was trying to set it up" and referred him to Barraclough.

On June 26, 1985, appellant contacted the officer, who agreed to meet him two days later at a restaurant with photographic "samples" of available children. The meeting took place as scheduled and in a conversation, which, unknown to appellant, was recorded, appellant reiterated his desire to have the officer procure a girl six to nine years of age, who had not "been around a male a hundred times," to engage in sexual intercourse and mutual oral copulation.

The officer advised appellant that for a fee of $300, he would bring the child directly to appellant at a local motel. He further explained that appel-

lant would be dealing solely with him and that he would "take care of paying everybody."

After viewing photographs of young nude or partially clad girls, appellant expressed interest in two seven-year-olds, but inquired whether any younger children were available. The officer described a particular five-year-old who could be provided "under close supervision" if appellant "want[ed] . . . something that young." Appellant indicated he "would like to do it" and the officer agreed to contact him a few days later after he had had an opportunity to "check [appellant] out a little bit."

Appellant presented no affirmative defense. Appellant's first contention is unmeritorious. Penal Code section 653f, subdivision (c) proscribes the conduct of one "who, with the intent that the crime be committed, solicits another to commit . . . any violation of Section . . . 288 . . . ."

■ It matters not that appellant did not request Barraclough to engage *personally* in the commission of lewd and lascivious acts upon a child under 14 years of age in violation of Penal Code section 288. It is clear he solicited the officer to facilitate his own commission of that offense and had Barraclough done so, he would have been equally guilty, as a principal, of violating section 288. (*People* v. *Roberts* (1972) 26 Cal.App.3d 385, 387-388 [103 Cal.Rptr. 25]; Pen. Code, § 31.)

It is, of course, irrelevant for purposes of section 653f that the officer did not actually intend to aid and abet appellant. As noted in *People* v. *Cook* (1984) 151 Cal.App.3d 1142 [199 Cal.Rptr. 269], "The gist of the offense is the solicitation, and the offense is complete when the solicitation is made. . . ." (*Id.,* at p. 1145.)

Notwithstanding appellant's assertions to the contrary, Barraclough's account of his June 28 meeting with appellant, which was corroborated by the recording of that event, amply supported the trial court's implied finding that appellant, and not Barraclough, initiated the "solicitation."

■ Appellant's contention that he was wrongfully convicted of pandering is equally unpersuasive. Section 266i, subdivision (f), provides in pertinent part: "Any person who . . . agrees to . . . give, any money or thing of value for procuring, or attempting to procure, another person for the purpose of prostitution, . . . is guilty of pandering, . . ."

This statute covers a wide range of behavior and we need not here attempt to delineate its full scope, or determine whether its proscriptions would or would not apply to the hypotheticals advanced by appellant. It is

sufficient for our present purpose to hold that its wording is broad enough to encompass the situation where, as here, one adult offers to pay money to another to induce a young child to engage in sexual activities. (3) Such an interpretation clearly promotes the statute's goal, which, as we pointed out in *People v. Hashimoto* (1976) 54 Cal.App.3d 862 [126 Cal.Rptr 848], is "to discourage prostitution by discouraging persons other than the prostitute from augmenting and expanding a prostitute's operation, or increasing the supply of available prostitutes. [Citations.]" (*Id.,* at p. 867.)

■ Appellant's claim that prostitution was not contemplated in the instant case because there was no mention of a fee to the child herself also fails. ■ Though prostitution involves "any lewd act between persons for money or other consideration" (Pen. Code, § 647, subd. (b)), we know of no statutory or case law requiring that payment be made to the person actually providing sexual favors. Neither can we conceive of any basis for so limiting the definition of prostitution. It is doubtless not uncommon for prostitutes associated with pimps or panderers to be denied the proceeds of their labors. To permit those exploiting these individuals to escape prosecution merely by diverting the fees paid for their services would severely undermine efforts to combat commercial endeavors in which the government has been found to have a legitimate and substantial interest. (*People v. Maita* (1984) 157 Cal.App.3d 309, 316 [203 Cal.Rptr. 685].)

■ Appellant's challenges to the propriety of his sentencing are untenable. Although he had no previous criminal record, his intended victim was particularly vulnerable. Furthermore, his actions were premeditated and posed an ongoing danger to society, as demonstrated by the fact he had, by his own admission, sexually assaulted young girls in the past and "went out and did basically the same thing in Nevada when he was released [on bail] here."

The trial court recognized that "probably the factors in aggravation outweigh[ed] [those] in mitigation," but nevertheless exercised its discretion in appellant's favor and found they "balance[d] one another out." Manifestly, appellant was not prejudiced by this decision.

The pandering statute sets forth two sentencing schemes, one of which increases the punishment when "the other person is under 16 years of age." Here, of course, the record is replete with evidence that appellant sought a child much younger than 16 and, consequently, the more severe punishment was warranted.

Appellant's suggestion that a six-year sentence was "far too excessive" because his participation in the offense was "extremely minor" is totally at

odds with the record. Actively seeking out a young child for sexual abuse hardly reflects minimal culpability. On the contrary, appellant's conduct posed a grave danger both to his intended victim and to society. That he ultimately failed in his efforts demonstrates only that, most fortuitously, he inadvertently had sought the assistance of two individuals unwilling to aid and abet in the prostitution of children.

The judgment is affirmed.

Compton, Acting P. J., and Fukuto, J., concurred.

Appellant's petitions for review by the Supreme Court were denied August 18, 1988.