[No. A131624. First Dist., Div. Three. Mar. 27, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE CHRISTOPHER TUCK, Defendant and Appellant.

726

## COUNSEL

James Robert Courshon for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**POLLAK, J.**—In 1999, defendant George Christopher Tuck was 19 years old and, for engaging in sexual relations with his then 13-year-old girlfriend, by a plea of no contest was convicted of committing lewd acts on a child under the age of 14. (Pen. Code, § 288, subd. (a).)[1] Now, more than 12 years later, he seeks to be relieved of the lifetime requirement that he register as a sex offender, arguing that this requirement violates his right to equal protection of the law. After considering uncontradicted evidence that Tuck poses no threat of engaging in future sexual misconduct, the trial court stated that it would have preferred to grant him relief but denied his petition for a writ of mandate because it could find no legal authority empowering the court to strike the registration requirement. We agree with the trial court that the equal protection analysis adopted in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*) does not support the conclusion that the mandatory registration requirement for the violation of section 288, subdivision (a) denies the offender equal protection. However, we call attention to the possibility that provisions of the Penal Code that would prohibit Tuck from applying for a certificate of rehabilitation and being relieved of the registration requirement may violate equal protection principles.

### BACKGROUND

In 1999, Tuck was charged by information with 10 counts of committing a lewd and lascivious act on a child under the age of 14 between October 1, 1997, and January 23, 1998. (§ 288, subd. (a).)[2] Tuck was 19 years old at the time and the charges stemmed from consensual activities with his girlfriend

---

[1] Further statutory references are to the Penal Code.

[2] At the same time, defendant was also charged with subsequently having sexual intercourse with a different person under the age of 18 (§ 261.5), and of oral copulation on the same person under the age of 16 (§ 288a, subd. (b)(2)). Defendant pled no contest to one count of each. Since under section 261.5 and the decision in *Hofsheier* neither of these offenses gives rise to a mandatory registration requirement, neither is pertinent to the issue raised by this appeal.

who was then a few months shy of 14. Tuck entered a plea of no contest to one count and the remaining counts were dismissed. The court suspended imposition of sentence and placed Tuck on supervised probation for five years. He was required to serve one year in jail as a condition of probation and was ordered to register as a sex offender pursuant to section 290. He successfully completed the terms of his probation.

On August 13, 2010, following the procedure set forth in *People v. Picklesimer* (2010) 48 Cal.4th 330 [106 Cal.Rptr.3d 239, 226 P.3d 348], Tuck filed a petition for a writ of mandate to set aside the order requiring him to register as a sex offender for life. At an evidentiary hearing, testimony was presented from Dr. James Missett, a psychiatrist and an expert on evaluating people charged with sexual offenses. Dr. Missett examined Tuck in 1999 when the charges were originally filed and conducted another evaluation in November 2010. He evaluated Tuck's behavior over the past 11 years and looked for any indications that he "may have problems with impulse control or with interests that might have him constitute a danger to the health and safety of others." According to Dr. Missett, Tuck has "matured considerably since I had first seen him 11 years earlier. And I was struck by . . . the closeness with which he appears to have followed the rules that were laid down for him starting with his time in jail, going on to his having no problems with his probationary period, his having remained gainfully employed, his having kept himself away from minors, and essentially acting in a way in which we would expect and hope that he would act."

Dr. Missett opined that at the time of the offenses, Tuck's "focus was on having a sense of being liked, getting along with others, being dependent, excessively dependent on others, acting really at an age, a psychological age that was considerably less than his chronological age, so he was acting like a 15-year-old or 16-year-old might be expected to act or think rather than someone who was two, three, four years older than that." Dr. Missett concluded that Tuck was not fixated on young girls, and that he did not have problems with drugs, alcohol or impulse control.

Tuck testified that while serving a year in jail as a term of his probation he completed his GED and assisted other inmates in completing their GED's. He paid approximately $11,400 in fines and restitution that were ordered as part of his probation. He also participated in sex offender counseling for the entire period of his probation. He obtained employment while on probation and continues to be employed. He has lived with a 41-year-old girlfriend for two years and plans to marry and have children. He asked that the court relieve him of the registration requirement "so that when my children come of age I'm able to participate in things like . . . taking them to a baseball game, to their little league games, to be able to take them to birthday parties where

they and the parents are going to participate in birthday activities, and it would be difficult for me to be able to do that as an offender."

At the conclusion of the evidentiary hearing, the trial court stated, "I'm very impressed by what Mr. Tuck has done since his conviction. My only question, and it's a fundamental one is, is there a case that says that I can relieve him of that obligation in this context. And it sounds like . . . these two, [*People v.*] *Alvarado* [(2010) 187 Cal.App.4th 72 [113 Cal.Rptr.3d 648]] and [*People v.*] *Anderson* [(2008) 168 Cal.App.4th 135 [85 Cal.Rptr.3d 262]], don't give me that discretion." Ultimately, the trial court explained, "I've struggled over this issue because it appears to me that Mr. Tuck has done a lot of good things since the conviction. He's accepted responsibility. He maintains his treatment regimen. Dr. Missett testified he's not a pedophile and he's not dangerous. And I put a lot of weight in Dr. Missett's evaluations. He's an outstanding psychiatrist. But I can't find a case that supports the extension of the *Hofsheier* logic to this set of facts. And I've looked for one and I've read these other cases to see if there's a way to distinguish them in any way . . . . So I feel on a personal level I would like to grant your motion . . . and see the relief given to Mr. Tuck, but I can't find a legal way to do it. . . . So, reluctantly, I'm denying this motion. So you have a good record, though . . . and I would invite you to take this issue higher and if there's any record where the law should ever be changed this is probably that record in terms of the background of Mr. Tuck."

Following initial briefing in this court, we requested and received supplemental briefing on the following issues: "1. Assuming that the court concludes that the mandatory registration requirement that applies to persons convicted of violating . . . section 288, subdivision (a) (§ 290, subd. (c)) does not violate defendant George Christopher Tuck's right to equal protection of the laws, do the provisions of sections 290.5, subdivision (a)(2) and 4852.01, subdivision (d), which deny defendant the right to petition for and obtain a certificate of rehabilitation for such a violation and be relieved of the registration requirement, violate his right to equal protection? What is the significance, if any, of the fact that persons convicted of violating section 288.7, of violating section 187 in the perpetration or attempt to perpetrate any act punishable under section 288, or of violating section 311.4, subdivisions (a) and (f) may obtain a certificate of rehabilitation and be relieved of the registration requirement? (§§ 290.5, subd. (a)(1), 4852.01, subd. (a).) [¶] 2. If the provisions of sections 290.5, subdivision (a)(2) and 4852.01, subdivision (d) violate defendant's right to equal protection, what is the appropriate remedy?"

## DISCUSSION

In the trial court Tuck advanced several theories under which he contended the registration requirement should be stricken. He argued, and continues to

argue, that the mandatory requirement that he register as a result of his conviction under section 288, subdivision (a) (lewd act on a child under the age of 14) violates the constitutional guarantee of equal protection under the holding in *Hofsheier* and several cases that have followed it. He also contends that the requirement should be stricken in the interest of justice under section 1385, that the requirement constitutes cruel and unusual punishment, and that he should have been permitted to conduct discovery to establish that his prosecution under section 288, subdivision (a) rather than under another section not requiring mandatory registration constituted unlawful discriminatory prosecution.

Because principles of judicial restraint require us to rely on nonconstitutional grounds if possible (*People v. Pantoja* (2004) 122 Cal.App.4th 1, 10 [18 Cal.Rptr.3d 492]), we first consider Tuck's argument under section 1385.

## A. *Section 1385*

Tuck contends the trial court could have relieved him of the registration requirement under section 1385 and incorrectly believed it lacked the discretion to do so. There is no merit to this argument.

■ Section 1385, subdivision (a), authorizes a trial court to dismiss a criminal action "in furtherance of justice." "[T]he power to dismiss an action includes the lesser power to strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Tuck points to no case in which the trial court's authority under section 1385 has been applied to the lifetime registration requirement of section 290, and we are aware of none. Tuck quotes *People v. Picklesimer, supra*, 48 Cal.4th at page 344, for the proposition that "there is no constitutional bar to having a judge exercise his or her discretion to determine whether [a defendant] should continue to be subject to registration." This quote is taken entirely out of context. There, the court was holding only that the decision of the United States Supreme Court in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] did not require a jury rather than the court to find that a person committed an offense not listed in section 290, subdivision (c) as a result of sexual compulsion or for purposes of sexual gratification for the purpose of imposing registration under section 290.006. (48 Cal.4th at pp. 343–344.) The court was not addressing the authority of courts to strike a statutory consequence of a conviction.

■ The registration requirement is not an action, a criminal count, or a factual allegation. Nor is registration under section 290 considered to be punishment. (*People v. Castellanos* (1999) 21 Cal.4th 785 [88 Cal.Rptr.2d 346, 982 P.2d 211].) Rather, it is a consequence of conviction of certain

enumerated crimes. In *Hofsheier*, the court noted that "[t]he duty to register as a sex offender under section 290, subdivision (a), cannot be avoided . . . through the exercise of judicial discretion." (*Hofsheier, supra*, 37 Cal.4th at p. 1196.) Section 1385 does not give the trial court discretion to modify statutorily prescribed consequences of a conviction or to strike the registration requirement. (Cf. *In re Varnell* (2003) 30 Cal.4th 1132, 1139 [135 Cal.Rptr.2d 619, 70 P.3d 1037] ["a trial court's power to dismiss an 'action' under section 1385 extends only to charges or allegations and not to *uncharged* sentencing factors, such as those that are relevant to the decision to grant or deny probation . . ."]; *Keeler v. Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617], superseded by statute on other grounds as stated in *People v. Carlson* (1974) 37 Cal.App.3d 349, 355 & fn. 5 [112 Cal.Rptr. 321] ["subject to the constitutional prohibition against cruel and unusual punishment, the power to define crimes and fix penalties is vested exclusively in the legislative branch"].)

B.   *Equal protection; mandatory registration for those who violate section 288 does not deny equal protection*

■   We turn next to Tuck's argument that the mandatory requirement that he register as a sex offender because of a conviction under section 288, subdivision (a) violates the constitutional guarantee of equal protection as articulated in *Hofsheier*.

■   "The constitutional guaranty of equal protection of the laws under the federal and state Constitutions ' "compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." ' [Citation.] Where the statutory distinction at issue neither 'touch[es] upon fundamental interests' nor is based on gender, there is no equal protection violation 'if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]' [Citation.] That is, where there are plausible reasons for the classification, our inquiry ends. To sustain defendant's equal protection challenge to sex offender registration under section 290, defendant must prove that the classification scheme is irrational." (*People v. Alvarado, supra*, 187 Cal.App.4th at p. 76; see also, e.g., *People v. Rhodes* (2005) 126 Cal.App.4th 1374, 1382–1387 [24 Cal.Rptr.3d 834].)

■   " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' " (*Hofsheier, supra*, 37 Cal.4th at p. 1199.) "It may well be that in most cases . . . persons who commit different crimes are not similarly situated, but there is not and cannot be an absolute rule to this effect, because the decision

of the Legislature to distinguish between similar criminal acts is itself a decision subject to equal protection scrutiny. 'The Equal Protection Clause requires more of a state law than nondiscriminatory application within the class it establishes. [Citation.] It also imposes a requirement of some rationality in the nature of the class singled out.' [Citations.] Otherwise, the state could arbitrarily discriminate between similarly situated persons simply by classifying their conduct under different criminal statutes." (*Ibid.*, fn. omitted.)

In *Hofsheier*, the 22-year-old defendant pled guilty to oral copulation with a person under the age of 18 (§ 288a, subd. (b)(1)) and challenged the registration requirement as violating equal protection because had he been convicted of sexual intercourse with a minor (§ 261.5), he would not have been subject to mandatory registration as a sex offender. The Supreme Court observed that "both section 288a and section 261.5 follow a pattern of imposing greater punishment on offenses involving younger victims, but the sentences imposed at each age level are not identical. Depending on the age of the victim or perpetrator, persons convicted of oral copulation with a minor are sometimes subject to more severe sentences than persons convicted of unlawful intercourse with a minor, often subject to the same sentence, and occasionally subject to less severe sentences. Apart from the mandatory lifetime registration requirement, voluntary sexual acts between a 22-year-old and a 16-year-old—whether oral copulation or sexual intercourse—are treated identically . . . ." (*Hofsheier, supra,* 37 Cal.4th at pp. 1195–1196, fn. omitted.)[3] "The only difference between the two offenses is the nature of the sexual act. Thus, persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors 'are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' " (37 Cal.4th at p. 1200.)

The Supreme Court rejected the rational basis for treating the two crimes differently suggested by the Attorney General—that there had been a rise in oral copulation among teens and that an offender was more likely to reoffend if convicted of oral copulation than if convicted of sexual intercourse with a minor. The court held that "the statutory distinction in section 290 requiring mandatory lifetime registration of all persons who . . . were convicted of

---

[3] The court clarified that it was using "the term 'voluntary' in a special and restricted sense to indicate both that the minor victim willingly participated in the act and to the absence of various statutory aggravating circumstances: the perpetrator's use of 'force, violence, duress, menace or fear of immediate and unlawful bodily injury on the victim or another person' (§ 288a, subd. (c)(2)); the perpetrator's 'threatening to retaliate in the future against the victim or any other person' (§ 288a, subd. (c)(3)); and the commission of the act while the victim is unconscious (§ 288a, subd. (f)) or intoxicated (§ 288a, subd. (i))." (*Hofsheier, supra,* 37 Cal.4th at p. 1193, fn. 2.)

voluntary oral copulation with a minor of the age of 16 or 17, but not of someone convicted of voluntary sexual intercourse with a minor of the same age, violates the equal protection clauses of the federal and state Constitutions." (*Hofsheier, supra,* 37 Cal.4th at p. 1207.) The court remanded the case to the trial court to determine whether the defendant should be required to register under the discretionary provision, then section 290, subdivision (a)(2)(E) (now § 290.006).

The equal protection analysis adopted in *Hofsheier* has subsequently been applied to invalidate the mandatory registration requirement for conviction of other nonforcible sex crimes involving a minor where the offender was deemed similarly situated to persons guilty of comparable offenses for which registration is not mandatory. In *People v. Garcia* (2008) 161 Cal.App.4th 475 [74 Cal.Rptr.3d 681] (*Garcia*), the court extended *Hofsheier*'s holding to violations of section 288a, subdivision (b)(2), which provides that "any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age is guilty of a felony." In that case the defendant was 26 years old and the minor 14. The court reasoned, "A person over 21 convicted of oral copulation of a 14 year old in violation of section 288a, subdivision (b)(2), is subject to the mandatory registration requirements of section 290, subdivision (c) (§ 290, former subd. (a)(1)(A)). A person over 21 convicted of unlawful sexual intercourse with a 14 year old in violation of section 261.5 is subject to the discretionary registration requirements of section 290.006 (§ 290, former subd. (a)(2)(E)). If there is no rational reason for this disparate treatment when the victim is 16 years old, there can be no rational reason for the disparate treatment when the victim is even younger, 14 years old. Accordingly, *Hofsheier* applies whether the conviction is under subdivision (b)(2) or (b)(1) of section 288a." (*Garcia, supra,* at p. 482.) This conclusion was reaffirmed in *People v. Hernandez* (2008) 166 Cal.App.4th 641 [83 Cal.Rptr.3d 29], disapproved on other grounds in *People v. Picklesimer, supra,* 48 Cal.4th at pages 338–339, footnote 4. There the court agreed with *Garcia* and held that mandatory registration for a conviction under section 288a, subdivision (b)(2) violates equal protection principles. A similarly situated defendant would not have been subject to mandatory registration if he had been convicted of engaging in intercourse with the 14-year-old victim in violation of section 261.5, and there is no rational basis for this distinction.

In *People v. Ranscht* (2009) 173 Cal.App.4th 1369, 1371 [93 Cal.Rptr.3d 800], the *Hofsheier* analysis was applied to a conviction under section 289, subdivision (h), sexual penetration of a minor. The 18-year-old defendant was romantically involved with a girl who was 12 to 13 years old when the sexual acts took place. He pled guilty to one count of sexual penetration and the court ordered him to register as a sex offender. The appellate court reversed the registration requirement, holding that "mandating lifetime sex offender

registration for an offender convicted of sexually penetrating a 13-year-old minor [(§ 289, subd. (h))] violates equal protection because a similarly situated offender convicted of unlawful sexual intercourse with a victim the same age would not face mandatory lifetime registration." (*Id.* at p. 1371; see also *People v. Luansing* (2009) 176 Cal.App.4th 676 [97 Cal.Rptr.3d 836], disapproved on other grounds in *People v. Picklesimer, supra,* 48 Cal.4th at p. 338, fn. 4 [invalidating lifetime registration requirement of 30-year-old man convicted of violating § 288a, subd. (b)(2) by engaging in voluntary oral copulation with a boy under the age of 16]; *In re J.P.* (2009) 170 Cal.App.4th 1292 [89 Cal.Rptr.3d 17] [invalidating lifetime registration requirement for juvenile who admitted violating § 288a, subd. (b)(1) (voluntary oral copulation of person under 18 years of age)].)

However, the courts have uniformly recognized the significance of the victim's age that defines an offense in determining whether offenders of other statutes are similarly situated and whether there is a rational basis for statutory distinctions between two offenses. Penal Code provisions such as section 288a, subdivision (b)(1) (oral copulation of a minor) "provide[] a graduated scale of punishment depending on the age of the parties and the presence or absence of force or other coercion." (*Hofsheier, supra,* 37 Cal.4th at p. 1194.) "Current laws provide for more severe punishment and closer surveillance of persons who commit more serious sex crimes, such as forcible sexual acts or sexual acts involving children under age 14 (see §§ 261 [rape], 262 [spousal rape], 288 [lewd conduct with victim under age 14]) . . . ." (*Hofsheier,* at p. 1206.) The law recognizes that the younger a child is, the more he or she will be harmed by inappropriate sexual activity. "[A] victim's extremely young age together with other circumstances like the time and location of the offense can establish 'particular vulnerability' as an aggravating factor." (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1694 [53 Cal.Rptr.2d 282], disapproved on other grounds in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123 [65 Cal.Rptr.2d 1, 938 P.2d 986]; see also *People v. Bell* (1988) 201 Cal.App.3d 1396, 1400 [248 Cal.Rptr. 57] ["the record is replete with evidence that appellant sought a child much younger than 16 and, consequently, the more severe punishment was warranted"].)

In *Hofsheier* itself, the Supreme Court expressly approved of the decision in *People v. Mills* (1978) 81 Cal.App.3d 171 [146 Cal.Rptr. 411], upholding the mandatory registration requirement for a defendant convicted of violating section 288 for lewd conduct with a victim under 14 years of age. The court held that "the Legislature could reasonably require all persons convicted of sexual offenses involving victims under the age of 14 to register without requiring all sex offenders to register. We agree with the Court of Appeal in *Mills* that the defendant there failed to show a denial of equal protection as to adults convicted of lewd acts with minors less than 14 years of age because

all adults convicted of crimes requiring sexual acts with minors of that age were required to register." (*Hofsheier, supra*, 37 Cal.4th at p. 1202.)

Several subsequent decisions have reaffirmed that the *Hofsheier* analysis does not invalidate the mandatory registration requirement imposed for the violation of section 288, subdivision (a), albeit under circumstances that were more egregious than those involved here, voluntary sexual relations between two teenagers in a romantic relationship. In *People v. Anderson, supra*, 168 Cal.App.4th 135, the defendant was convicted of lewd acts on a child under the age of 14 years by a person at least 10 years older (§ 288, subd. (c)(1)). The minor was babysitting the defendant's children. The *Anderson* court emphasized that in *Hofsheier*, the court "made it plain that its equal protection analysis was concerned with circumstances in which the act (i.e., oral copulation with a minor, prohibited by § 288a, subd. (b)(1)) is both voluntary and the victim is 16 or 17 years old." (168 Cal.App.4th at pp. 141–142.) The court pointed out that unlike section 288a, section 288 contains a specific intent requirement "[a]nd, unlike *Hofsheier*, there is no relevant similarly situated group for which mandatory registration is not required that may serve as the basis for an equal protection challenge here." (168 Cal.App.4th at p. 142.)

Similarly, in *People v. Alvarado, supra*, 187 Cal.App.4th 72, in which the defendant was convicted of violating section 288, subdivision (a), the victim was 13 years old when the defendant, who was more than 20 years older and did not know the victim, twice approached her in his car and, fondling his penis, asked her to have sex with him. (*Alvarado*, at p. 75.) In upholding the mandatory registration requirement, the court stated: "The instant case is distinguishable from *Hofsheier* in that the victim in the instant case was under the age of 14 years, the defendant was over 20 years older than the victim, and the convictions were for attempting to commit a lewd act on a child under 14 years old (§ 288[, subd.] (a)) and for lewd exposure in a public place (§ 314, subd. (1)). These crimes are not substantially similar to a section 261.5 offense. [¶] Defendant's section 288[, subdivision] (a) conviction involves preying on young, vulnerable children, and therefore there is a valid reason for requiring mandatory sex offender registration as to a section 288[, subdivision] (a) conviction. On the other hand, convictions for violating sections 261.5 and 288a, subdivision (b)(1) can include victims older than 14. As to older victims, the trial court may find that the offense is not sufficiently egregious and the offender is not sufficiently dangerous to society, particularly to young children, to warrant mandatory sex offender registration for all section 261.5 and section 288a, subdivision (b)(1) convictions." (187 Cal.App.4th at p. 77; see also *People v. Singh* (2011) 198 Cal.App.4th 364, 371 [129 Cal.Rptr.3d 461] [Internet chat room solicitation of apparent 12 year old; "mandatory sex offender registration for persons convicted under section 288[, subdivision] (a) bears a rational relationship to a legitimate state

purpose in that 'a section 288[, subdivision] (a) offense is limited to victims under the age of 14 years, who tend to be more vulnerable to being preyed upon by sexual predators than older children, and the offense requires a finding that, when the perpetrator committed the lewd act, he or she possessed specific intent "to arouse or gratify the sexual desires of either the perpetrator or the victim" ' "].)

*People v. Manchel* (2008) 163 Cal.App.4th 1108 [78 Cal.Rptr.3d 194] is another case that has recognized the significance of the parties' ages by which violations are defined, but with a wrinkle that other courts have rejected. In that case, a 29-year-old defendant was convicted of violating section 288a, subdivision (b)(2) for being over the age of 21 and engaging in oral copulation with a minor under the age of 16. This statute, like section 288a, subdivision (b)(1) which was considered in *Hofsheier*, carries a mandatory lifetime registration requirement, but departing from the court in *Garcia*, the *Manchel* court refused to apply *Hofsheier*. The *Manchel* court explained that unlike the situation in *Hofsheier*, the victim in the case before it was under 16 years of age (she was 15) and the defendant was more than 10 years her senior, so that the defendant could have been convicted of violating section 288, subdivision (c)(1) which also carries a lifetime registration requirement. If the defendant in *Hofsheier* "had gone ahead and had intercourse with the victim," the court reasoned, "he could not have been subjected to mandatory registration, but because he engaged in oral copulation he was . . . ." (163 Cal.App.4th at p. 1114.) The court continued that "[b]ecause Manchel's victim was 15 years old and he was at least 10 years older than she was, whether Manchel was subject to mandatory registration did not hinge on the distinction of whether the sexual conduct he engaged in with her was oral copulation or sexual intercourse. Either act constituted a lewd and lascivious act under section 288, subdivision (c)(1) and subjected Manchel to mandatory lifetime registration as a sex offender." (163 Cal.App.4th at p. 1114.) Therefore, the court reasoned, because the defendant *could have been* charged with violating section 288, subdivision (c)(1), which also carries the lifetime sex offender registration requirement, there was no disparate treatment of persons similarly situated and no violation of the defendant's right to equal protection.

The reasoning in *Manchel* has subsequently been rejected by other courts. In *People v. Ranscht, supra*, 173 Cal.App.4th at pages 1374–1375, the court noted that a violation of section 288, subdivision (c)(1) is a specific intent crime whereas section 261.5 is a general intent crime and, thus, one who engages in sexual intercourse does not necessarily violate section 288, subdivision (a), as the court in *Manchel* reasoned. The Ranscht opinion goes on: "Ultimately, the *Manchel* court's logic eludes us. It would have us completely ignore the crime of which a defendant is convicted and look instead to all of the crimes of which a defendant could have been convicted

based on his conduct. This holding overlooks *Hofsheier*'s plain language, which focused on 'persons who are convicted of voluntary oral copulation . . . , as opposed to those who are convicted of voluntary intercourse with adolescents in [the] same age group.' " (173 Cal.App.4th at p. 1374, some italics omitted.) Subsequent decisions have agreed with Ranscht in rejecting the reasoning of *Manchel*. (*People v. Luansing, supra*, 176 Cal.App.4th at pp. 683–685; *In re J.P., supra*, 170 Cal.App.4th at pp. 1297–1299.)

■ Since Tuck was convicted of violating section 288, subdivision (a), the issue that has divided these courts is not relevant to the issue now before us. What is significant is that all of these cases agree that persons convicted of violating section 288, subdivisions (a) or (c)(1), in which the victim must either be under 14 years of age or 14 or 15 if the defendant is 10 years older, are not similarly situated with persons convicted of sex offenses under other statutes that do not require the minor victim to be so young. This is true even though persons may be convicted of violating those other statutes (such as § 261.5) with a victim who is under 14. The fact that prosecutorial decisions are sometimes made to charge or accept a plea to a lesser offense than one which the evidence would support does not mean that another person who has not received that leniency has been deprived of equal protection, absent a showing of discriminatory prosecution that plainly has not been made here.[4]

■ Tuck admitted by his plea that he committed lewd acts on a person less than 14 years of age, in violation of section 288, subdivision (a). Even though the unspecified acts were engaged in between consenting adolescents,

---

[4] Tuck also argues that the trial court erred in denying his motion for discovery to establish a claim of discriminatory prosecution. "[I]n order to establish a claim of discriminatory enforcement a defendant must demonstrate that he has been deliberately singled out for prosecution on the basis of some invidious criterion." (*Murgia v. Municipal Court* (1975) 15 Cal.3d 286, 298 [124 Cal.Rptr. 204, 540 P.2d 44].) "Unequal treatment which results simply from laxity of enforcement or which reflects a nonarbitrary basis for selective enforcement of a statute does not deny equal protection and is not constitutionally prohibited discriminatory enforcement." (*Baluyut v. Superior Court* (1996) 12 Cal.4th 826, 832 [50 Cal.Rptr.2d 101, 911 P.2d 1].)

Defendant did not make the necessary prima facie showing to justify discovery. He presented evidence that another young man (22 years old) had been charged with multiple counts of violating section 288, subdivision (a) with a minor who was 12 years old at the time, as well as counts of oral copulation, digital penetration and sexual intercourse. In that case, Tuck argues, the defendant had been allowed to plead no contest to one count of unlawful sexual intercourse and the plea specified that he would not be subject to the registration requirement. Even on the questionable assumption that a selective prosecution claim could be entertained long after the conviction has become final, Tuck did not suggest in the trial court and does not suggest now any invidious criterion that the district attorney's office used when it required him to plead no contest to violating section 288, subdivision (a) but offered another allegedly similarly situated individual a plea bargain involving charges that do not require registration. (See also *People v. Williams* (1996) 46 Cal.App.4th 1767, 1774–1776 [54 Cal.Rptr.2d 521]; *Bortin v. Superior Court* (1976) 64 Cal.App.3d 873, 878 [135 Cal.Rptr. 30].)

rather than forcefully or by an adult 10 or more years older than the victim as in cases discussed above, section 288, subdivision (a) sweeps with an exceptionally broad brush. We question the wisdom of including all such conduct within a single statutory provision and imposing the same consequences on all persons who have violated its provisions, regardless of the circumstances.[5] Nonetheless, section 288, subdivision (a) does not impose more severe treatment on persons convicted of violating its provisions than that imposed on similarly situated persons by other statutes for which there is no rational basis for distinction. (See *Hofsheier, supra*, 37 Cal.4th at p. 1202.) There is no sexual offense involving only minors less than 14 years of age for which conviction does not require mandatory registration. Therefore, the statute does not treat similarly situated offenders differently, and the distinction drawn by the statute, based on the victim's age, bears a rational relationship to an appropriate legislative purpose. " ' "[L]egislative classification is permissible when it is based upon some distinction reasonably justifying differentiation in treatment . . . ." ' " (*People v. Rhodes, supra*, 126 Cal.App.4th at p. 1387.) Subjecting Tuck to the mandatory registration requirement that follows from a conviction under section 288, subdivision (a) gives rise to no denial of equal protection.[6]

During our consideration of this appeal, we asked the parties to address whether Tuck's ineligibility for a certificate of rehabilitation due to his conviction under section 288 runs afoul of the equal protection clause in light of the possible eligibility for such relief of other similarly situated sex offenders. We asked the question because section 290.5 provides that upon obtaining a certificate of rehabilitation an offender may be relieved of the registration requirement, while sections 290.5 and 4852.01 enumerate certain sex offenses that render an applicant ineligible for a certificate of rehabilitation. Tuck's conviction under section 288 is one such enumerated offense. But the question arises whether the eligibility criteria of sections 290.5 and 4852.01 result in the arbitrarily different treatment of similarly situated offenders because the courts may consider applications for certificates from some sex offenders but not others.

Because Tuck has not yet applied for a certificate of rehabilitation and the trial court has not considered whether the equal protection principles articulated in *Hofsheier* require that such relief be made available to him, we are

---

[5] Indeed, section 288, subdivision (a) applies even if the defendant is a minor and younger than the victim. (See, e.g., *In re Jerry M.* (1997) 59 Cal.App.4th 289, 295–297 [69 Cal.Rptr.2d 148] [juvenile delinquent 11 years old and victim 12 years old].)

[6] Tuck also argues that denying him relief from the registration requirement violates the Eighth Amendment's prohibition on cruel and unusual punishment. As Tuck acknowledges, this argument has been rejected by our Supreme Court, which concluded that the registration requirement is not punishment for purposes of the Eighth Amendment analysis. (*In re Alva* (2004) 33 Cal.4th 254 [14 Cal.Rptr.3d 811, 92 P.3d 311].)

not now in a position to answer the question. Since the possible availability of a certificate of rehabilitation bears directly on Tuck's complaint that he cannot be relieved of the lifetime registration requirement except by gubernatorial pardon (§§ 290.5, 4800), we call his attention to this possible avenue of redress.

### DISPOSITION

The judgment is affirmed, without prejudice to Tuck's right to apply for a certificate of rehabilitation and pardon pursuant to section 4852.01 et seq. and, if granted, to be relieved of the registration requirement pursuant to section 290.5.

McGuiness, P. J., and Siggins, J., concurred.

**POLLAK, J.,** Concurring.—I add a concurrence to my own opinion to expand on the final observation that Tuck may ultimately be entitled to relief from the lifetime registration requirement by obtaining a certificate of rehabilitation. I agree with my colleagues that since Tuck has not yet submitted an application for such a certificate and no lower court has considered his application, we are in no position to render a conclusive opinion as to whether he is entitled to such a certificate and whether statutory provisions that purport to deny him the right to obtain one violate his equal protection rights. Nonetheless, I believe that more can be said to define the issue should Tuck see fit to submit such an application.

While, as we have held, requiring all violators of Penal Code section 288[1] to register as sex offenders under section 290 does not contravene equal protection principles, for some sex offenders other related provisions of the Penal Code provide a means by which the offender may eventually be relieved of the registration requirement. Under these statutory provisions this means of relief is not available to those who have violated section 288, such as Tuck, but is available to others who may be similarly situated. If there is no rational explanation for this statutory distinction, denying Tuck this avenue of recourse does violate the equal protection principles articulated in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*).

Section 290.5, subdivision (a)(1) provides that "A person required to register under Section 290 for an offense not listed in paragraph (2), upon obtaining a certificate of rehabilitation . . . shall be relieved of any further duty to register under Section 290 if he or she is not in custody, on parole, or

---

[1] Further statutory references are to the Penal Code.

on probation." Subdivision (a)(2) contains a list of offenses for which relief from registration may not be obtained, even if a defendant is granted a certificate of rehabilitation. The offenses specified in subdivision (a)(2) include section 288. Additionally, section 4852.01 establishes the right to apply for a certificate of rehabilitation and pardon[2] and subdivision (d) of that section states that its provisions do not apply to a person convicted of violating section 288 and certain other offenses.[3]

Among the crimes that require registration under section 290 are sex acts with a child 10 years of age or younger (§ 288.7). As I read the statutory language, persons convicted of violating this statute *may* obtain a certificate of rehabilitation and, having done so, *shall* be relieved of the registration requirement. (§ 290.5, subd. (a)(1).)[4]

As the Supreme Court noted in *Hofsheier*, "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*Hofsheier, supra*, 37 Cal.4th at pp. 1199–1200.) " ' "The

---

[2] Section 4852.01, subdivision (c) provides: "Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition."

[3] Section 4852.01, subdivision (d) provides: "This chapter shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in the military service."

[4] Persons convicted of violating section 288.7 apparently are not excluded from those entitled to seek a certificate of rehabilitation, although persons convicted of violating both section 288.7 and section 269 are excluded. (§ 3000.1, subd. (a)(2).) Subdivision (a)(2) of section 3000.1 provides that "in the case of any inmate sentenced to a life term under . . . *Sections 269 and 288.7,* [or other enumerated crimes], the period of parole, if parole is granted, shall be the remainder of the inmate's life." (Italics added.) As indicated by the conjunction "and," lifetime parole is imposed only if the individual is convicted of violating both sections. The legislative history of section 3000.1 reflects that this conjunction was intentional. Section 288.7 penalizes any sexual contact with a child under the age of 10, regardless of whether force is involved, while section 269 refers exclusively to forcible sex crimes on minors. In the author's statement accompanying the 2010 amendment that added this provision to section 3000.1, he states, " 'We believe this is an important change because there currently is no distinction between forcible and non-forcible sex crimes on a child. A forcible sex crime . . . involves "violence, duress, menace, or fear of immediate and unlawful bodily injury." And while all sex crimes are awful, these crimes are a red flag that the perpetrator is capable of much, much worse. And we should acknowledge that. [¶] *This is why, under Chelsea's Law, these offenders will serve a lifetime on parole if released . . . .* ' " (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1844 (2009–2010 Reg. Sess.) as amended Apr. 13, 2010, p. 19, italics added.)

purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future." ' " (*In re Alva* (2004) 33 Cal.4th 254, 264 [14 Cal.Rptr.3d 811, 92 P.3d 311].) "In recent years, section 290 registration has acquired a second purpose: to notify members of the public of the existence and location of sex offenders so they can take protective measures." (*Hofsheier, supra,* at p. 1196.) The purpose behind section 290.5 quite obviously is to relieve former sex offenders of the onerous registration requirement when they have demonstrated their rehabilitation and convinced the court that they no longer pose a threat to others necessitating the protective measure of registration. Given these purposes, no rational explanation is apparent for permitting a person previously convicted of sexual relations with a minor 10 years or younger to obtain a certificate of rehabilitation and be relieved of the registration requirement while denying this right to one previously convicted of similar conduct with a minor who is 11, 12 or 13 years of age. These persons would seem " 'sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' " (*Hofsheier,* at p. 1200.)

A statutory differentiation that prohibits a person convicted of engaging in lewd conduct with a minor under 14 years of age from obtaining a certificate of rehabilitation while permitting a person convicted of sexual relations with a minor 10 years or younger to do so would seem to work the same "Kafka-like perverse effect" that was condemned in *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 712 [139 Cal.Rptr. 620, 566 P.2d 254]. In that case the Supreme Court held that denying one convicted of misdemeanor lewd conduct in a public place under section 647, subdivision (a) the right to obtain a certificate of rehabilitation under section 4852.01, while permitting persons convicted of a felony to obtain such a certificate, thereby disqualifying the former but not the latter from obtaining a community college teaching credential, violated the former's right to equal protection. "This statutory discrimination against misdemeanants can claim no rational relationship to the protective purpose of [the provision denying a teaching credential to anyone convicted of certain sex offenses]." (*Newland, supra,* 19 Cal.3d at p. 712.) "[T]his rather startling statutory preferential treatment for felons as contrasted with misdemeanants denies misdemeanants the equal protection of the laws." (*Id.* at p. 708; see also *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1488 [13 Cal.Rptr.3d 777].)

From the record that is now before us, Tuck hardly seems the type of offender the Legislature intended to reach when it enacted sex offender registration. (See *Hofsheier, supra,* 37 Cal.4th at p. 1196; *In re Alva, supra,* 33 Cal.4th at p. 264.) Dr. James Missett testified that Tuck is not a pedophile, is not fixated on young girls and poses no danger to the community, all of

which is consistent with the nature of the conduct underlying his section 288, subdivision (a) violation. This testimony was uncontradicted and expressly accepted by the trial court.

If Tuck satisfies the criteria for obtaining a certificate of rehabilitation, requiring him to register as a sex offender for the remainder of his life because his youthful offense brought him within the all-encompassing reach of section 288 will serve no useful purpose. Not only will the requirement have lasting adverse effects upon him and his family but it will impose on society unnecessary expense incident to the registration. It should be clearly understood that our affirmance of the order now on appeal is without prejudice to Tuck's right to file an application for a certificate of rehabilitation pursuant to section 4852.01, and thereby to be relieved of the registration requirement, in which case the court will be obliged to consider the impact of equal protection principles under the circumstances presented by his application.