[No. A131325. First Dist., Div. Three. Oct. 12, 2012.]

D.M., Plaintiff and Appellant, v.
DEPARTMENT OF JUSTICE, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Gene A. Farber for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Ann P. Wathen, Deputy Attorneys General, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

**OPINION**

**POLLAK, Acting P. J.**—Plaintiff[1] appeals from an order denying his petition for writ of mandate seeking to be relieved of the duty to register as a sex offender under Penal Code section 290.[2] The registration requirement was imposed in 1987 because of his conviction for violating section 288a, subdivision (b)(1), oral copulation with a person 16 or 17 years of age. In 2002, plaintiff obtained a certificate of rehabilitation pursuant to section 4852.13, subdivision (a). In denying plaintiff's petition for relief from the registration requirement, the trial court agreed that *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*) had invalidated the mandatory application of the registration requirement for the violation of section 288a, subdivision (b)(1), but despite uncontradicted evidence that plaintiff is unlikely to reoffend, exercised its discretion to impose a lifetime registration requirement under section 290.006.[3]

In the trial court and in his opening brief on appeal, plaintiff's principal contention was that the court should not, in the proper exercise of its discretion, order him to register under section 290.006 because there is no substantial evidence that he is likely to reoffend. In his reply brief, plaintiff for the first time has asserted numerous additional arguments. Among them is the contention that the trial court lacked jurisdiction to impose the duty to register under section 290.006 because he became entitled to automatic relief under section 290.5 when he obtained the certificate of rehabilitation in 2002. This contention rests on his argument that under the *Hofsheier* rationale, the provision in section 290.5, subdivision (a)(2)(N) that denies automatic relief

---

[1] We grant plaintiff's motion to refrain from use of his name "given the particular subject matter of these proceedings." (*In re E.J.* (2010) 47 Cal.4th 1258, 1267, fn. 4 [104 Cal.Rptr.3d 165, 223 P.3d 31].) While anonymity would not be appropriate were we to conclude that continued registration under Penal Code section 290 is required, publication of plaintiff's name would be inconsistent with the relief to which we conclude he is entitled.

[2] All further statutory references are to the Penal Code unless otherwise noted.

[3] Section 290.006 provides in relevant part: "Any person ordered by any court to register pursuant to the Act for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification."

to persons who have been convicted of violating section 288a, subdivision (b)(1) denies him equal protection. The Attorney General was given leave to respond to the new contentions and filed a supplemental brief doing so.

The Attorney General first argues that plaintiff has forfeited each of his new arguments by failing to assert them sooner. While we are troubled by plaintiff's delay, we conclude that his principal new argument presents only a question of law that may, without prejudice to the People, be considered for the first time on appeal, and that application of the forfeiture rule would result in additional waste of judicial resources, unnecessary delay and further significant harm to plaintiff.

■ As to the merits, we conclude that section 290.5, subdivision (a)(2)(N), which denies the automatic registration relief conveyed by a certificate of rehabilitation to persons convicted of unlawful oral copulation with a minor under section 288a, subdivision (b)(1), although such relief is available to those convicted of unlawful sexual intercourse with a minor under section 261.5, results in the denial of equal protection under the principles enunciated in *Hofsheier*. Because of the constitutional invalidity of section 290.5, subdivision (a)(2)(N), plaintiff necessarily is entitled to relief from the duty to register as the consequence of having obtained a certificate of rehabilitation. Hence we need not consider whether the trial court abused its discretion in disregarding plaintiff's evidence that he poses no threat of reoffending, nor need we consider plaintiff's numerous additional arguments as to why his petition was erroneously denied.

### Factual and Procedural Background

In 1987, plaintiff was tried and convicted by a jury of oral copulation with a person under the age of 18 (§ 288a, subd. (b)(1)) and four counts of having unlawful sexual intercourse with a person under the age of 18 (§ 261.5). His conviction was based on the following facts[4]:

In early 1984, 37-year-old plaintiff was living with his girlfriend and her 16-year-old and 13-year-old daughters. Over the period of about a year, plaintiff engaged in oral copulation and had sexual intercourse with the older daughter on four separate occasions. She reported the molestation to the police and moved out of the home, but no action was taken at that time. Criminal charges were filed in 1986, after plaintiff ran away to Utah to marry

---

[4] These facts are drawn from the February 9, 1987 preplea report and the April 20, 1987 presentence report in plaintiff's original criminal proceedings, which plaintiff attached to his moving papers in support of his petition for writ of mandate.

the younger sister, who was then 14 years old. They went to Utah because they believed 14 year olds could marry there, but returned after they learned that parental consent is required. Plaintiff was arrested on his return, but ran away with the girl a second time after posting bail. When the police located plaintiff and the girl in Texas, she was pregnant with plaintiff's child.[5]

Following his conviction, plaintiff was sentenced to four years in state prison. At the time plaintiff was sentenced, he was subject to mandatory sex offender registration as a result of his conviction for violating section 288a, subdivision (b)(1). (§ 290, subd. (c).) He was released from prison in January 1989 and since that time has suffered one misdemeanor conviction for failing to register.

In 2001, plaintiff graduated from law school at Empire College and has worked for the last five years for the Department of Veterans Affairs in the Office of the General Counsel. Although he passed the bar examination, plaintiff has been denied a license to practice law as a result of his conviction and the continuing registration requirement. (See Bus. & Prof. Code, § 6060, subd. (b); *In re Gossage* (2000) 23 Cal.4th 1080 [99 Cal.Rptr.2d 130, 5 P.3d 186].) Similarly, although plaintiff worked as a registered nurse prior to his conviction, his license was revoked following his conviction and imposition of the registration requirement. (See Cal. Code Regs., tit. 16, § 1444, subd. (d).) In May 2002, plaintiff was granted a certificate of rehabilitation pursuant to section 4852.13, subdivision (a).

In 2006, the California Supreme Court in *Hofsheier, supra*, 37 Cal.4th at pages 1192–1193, invalidated the mandatory lifetime sex offender registration requirement for persons convicted of nonforcible oral copulation with a 16- or 17-year-old minor (§ 288a, subd. (b)(1)). The court held that imposing mandatory registration on these persons violates state and federal equal protection guarantees because similarly situated offenders, those convicted of nonforcible intercourse with a 16- or 17-year-old minor (§ 261.5), are not subject to this mandatory requirement, and may be required to register as a sex offender only if the court deems registration appropriate under the discretionary provisions of what is now section 290.006. (37 Cal.4th at pp. 1197–1198.) The court concluded that the proper remedy in that case was to strike the mandatory registration but to remand to the trial court to consider whether discretionary registration was appropriate. (*Id.* at pp. 1208–1209.)

---

[5] The convictions at issue in this case involve only the offenses involving the 16-year-old daughter. A probation department report in the record includes a handwritten notation indicating that while a criminal complaint was filed regarding the offenses involving the 14-year-old child, the complaint was "dropped."

In 2010, the California Supreme Court held in *People v. Picklesimer* (2010) 48 Cal.4th 330, 335 [106 Cal.Rptr.3d 239, 226 P.3d 348], that a claim for *Hofsheier* relief by an individual no longer in custody but still subject to mandatory lifetime registration must be brought by way of petition for writ of mandate in the trial court. The court explained that when ruling on the petition, the court retains discretion to continue the lifetime registration requirement under section 290.006. (*Picklesimer, supra*, at p. 342.)

On May 25, 2010, plaintiff filed a petition for a writ of mandate in the Sonoma County Superior Court, followed by a supplemental petition on July 12, 2010, seeking relief from the mandatory registration requirement and claiming that the imposition of discretionary registration would be inappropriate. He filed a declaration and attached various exhibits in support of his petition, including numerous psychological evaluations and letters from supporters.

The psychological evaluations completed following his incarceration uniformly agree that plaintiff is at a low to very low risk for future violations. Dr. Marion Studenski, who evaluated plaintiff while he was on parole, opined that he had no pedophilic interest and was at "a very low risk for committing further offenses." Dr. Charles Finton, who evaluated plaintiff in connection with his application for admission to the California State Bar, opined, "In terms of sexual behavior, [plaintiff] appears to be at low risk for sexual re-offending against minor females. . . . Overall, he appeared very accountable for his behavior and presents as a low risk for sexual recidivism." In an updated report specifically addressing the petition for writ of mandate, Dr. Finton states that plaintiff "demonstrates good sexual decision-making and sexual ethics. There is no indication of behavioral impulsivity at this time. His risk of re-offense is likely lower than the 2.8% recidivism rate suggested by the Static 99R and the 1.2% indicated by the Static 2002R because he has effectively addressed dynamic variables associated with sexual offending. . . . In conclusion, all of the indicators suggest that he is at very low risk for future sexual re-offense."

Prominent members of the community also showed support for plaintiff over the years. The Reverend Robert P. Gutleben, who counseled plaintiff both individually and in group sessions from 1993 to 1995, stated in a letter in support of his admission to law school that, "[h]aving worked with violent offenders for over eighteen years, I too find [plaintiff's] offense to be an aberration" and he agreed with Dr. Studenski's opinion that plaintiff "is at a very low risk for committing further offenses." (Italics omitted.) The Honorable Patrick Broderick, the former dean of law of Empire College where plaintiff attended law school, wrote the following in support of plaintiff's application to become a member of the California State Bar: "In

my judgment, he understands the significance of his previous acts and is aware of the high standard of moral character expected of an attorney. I believe that [plaintiff] has conducted himself, and will continue to conduct himself, in a manner that is consistent with good moral character." Numerous attorneys who attended law school or worked with plaintiff also wrote letters in support of his admission to the State Bar indicating their belief that he is fully rehabilitated.

On August 20, 2010, the district attorney filed an opposition to the petition, asking the court to order plaintiff to register as a sex offender in its discretion.

Following a hearing on September 13, 2010, the Sonoma County Superior Court denied plaintiff's petition for writ of mandate and ordered him to register as a sex offender pursuant to section 290.006. The court explained, "I think these offenses so squarely fall within the area where there was sexual compulsion, where there was a violation of not only a trusting relationship and grooming that went on, and one that was directed towards very, very, young women, there is nothing in the record that I saw, unless I missed it, that tells me how those two young girls are doing today. . . . [Y]ou have redeemed yourself. You have done a great job on that. I couldn't give you more compliments. Certainly people that I deeply respect in the community obviously hold you in great respect for what you've accomplished. But I am going to exercise my discretion and find that the [section] 290 requirement is a life-long requirement and is one that you earned by your reprehensible behavior in committing these offenses and that it was done for sexual gratification and sexual compulsion to an under-aged child. It indicates a continuing danger to society that I think society demands that law enforcement keep track of you for the rest of your life. So your request is denied for the writ."

The court acknowledged that the psychological evaluations reflected the experts' opinions that plaintiff was not a pedophile and was a "low risk threat to society." The court seemed, however, to question those reports, noting that "it is not really well documented . . . [in] any of those psych evaluations, the basic facts of this case that are just striking to anyone, including a layperson, that as a 40-year-old man you were very much driven to a very young female for sexual gratification. And I believe in one of the probation reports the 14-year-old carried your child, if I read that correctly."

Further elaborating on the reasons behind the registration laws, the court stated: "[T]he law for registration is one that gives law enforcement the ability to have some additional scrutiny during that period of [the offender's] lifetime to ensure that nothing like this ever happens again. And certainly in the experience of this kind of offense there are sometimes . . . gaps of 10, 20,

30 years where there aren't offenses and then there are re-offenses. So that's in part what the lifetime registration is there to hope to deter, but also give law enforcement the ability to have some direct oversight in keeping track of where you are." In response to plaintiff's contention that the evidence showed he was not likely to reoffend, the court stated, "I find there are red flags on the field that he remains a danger to the community. I don't believe you can erase what happened over a year's time. This wasn't just a few days. So I believe on its face any layperson could determine that [plaintiff] remains a danger for as long as he lives. I just don't think there is enough in the record and the psych eval[uations] to guarantee, no one can guarantee what will happen in the future. This court is aware of cases [where] [w]e've had 80-year-old defendants come through with brand-new offenses who had not re-offended for 20, 30 years. So I believe that this is a case where registration is discretionarily prudent. I think that there are reasons to protect society in the future, and it is a marginal one. It is a collateral consequence. He's outlived every other outcome in this case. He's done a great job. I believe he does continue to pose a danger in this area."

Plaintiff timely filed a notice of appeal.

## Discussion

1. *Plaintiff has not forfeited his equal protection challenge to section 290.5.*

 As explained above, plaintiff belatedly asserts grounds for relief from his lifetime registration requirement that were not urged upon the trial court. "While ' "[i]t is the general rule applicable in civil cases that a constitutional question must be raised at the earliest opportunity or it will be considered as waived" ' [citation], application of this principle is not automatic." (*Hale v. Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512].) Whether the forfeiture rule should be applied "is largely a question of the appellate court's discretion." (*Bayside Timber Co. v. Board of Supervisors* (1971) 20 Cal.App.3d 1, 5 [97 Cal.Rptr. 431].) For example, "we have 'discretion to consider a new issue on appeal where it involves a pure question of the application of law to undisputed facts . . . .' " (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 225 [113 Cal.Rptr.3d 692].) "Moreover, although California authorities on the point are not uniform, our courts have several times examined constitutional issues raised for the first time on appeal, especially when the enforcement of a penal statute is involved [citation], the asserted error fundamentally affects the validity of the judgment [citation], or important issues of public policy are at issue . . . ." (*Hale v. Morgan, supra*, 22 Cal.3d at p. 394.)

The Attorney General emphasizes that plaintiff did not raise the equal protection argument when he applied for a certificate of rehabilitation in 2002, although section 290.5 contained the same disparity of treatment that he challenges now. However, even assuming that plaintiff could have raised the issue before obtaining the certificate of rehabilitation, his failure to do so was not unreasonable in light of the relevant case law at the time. (See *People v. Jones* (2002) 101 Cal.App.4th 220, 227 [124 Cal.Rptr.2d 10], disapproved in *Hofsheier, supra*, 37 Cal.4th at p. 1207, fn. 9.) His failure to raise the issue when he filed his petition for relief under *Hofsheier*, much less when he filed his opening brief on appeal, is considerably more troublesome. The issue unquestionably was ripe for decision when the petition was filed in the trial court and *Hofsheier* had then been in the books for several years. Had he initially asserted the additional grounds for relief, the evidentiary hearing in this case might well have been avoided. Nonetheless, it does not appear that respondent was prejudiced by the delay. The Attorney General was given leave to file and has filed a supplemental brief responding to all arguments belatedly raised by plaintiff. Because plaintiff's equal protection argument presents solely a legal question and application of the forfeiture rule would threaten further delay and expenditure of resources in subsequent proceedings, as well as potentially significant harm to plaintiff,[6] we shall exercise our discretion to consider the constitutional issue on the merits.

2. *Section 290.5, subdivision (a)(2)(N), which excludes those convicted of violating section 288a, subdivision (b)(1) from the automatic registration relief obtained by a certificate of rehabilitation, denies equal protection of the law to such persons.*

 Section 4852.13, subdivision (a) authorizes a court to issue an order, known as a certificate of rehabilitation, declaring that a plaintiff has been rehabilitated, "if after hearing, the court finds that the petitioner has demonstrated by his or her course of conduct his or her rehabilitation and his or her fitness to exercise all of the civil and political rights of citizenship." With respect to conduct that demonstrates rehabilitation, section 4852.05 advises, "The person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." Section 4852.13, subdivision (b) adds that "[n]o certificate of rehabilitation shall be granted to a person convicted of any offense specified in Section 290 if the court determines that the petitioner presents a continuing threat to minors of committing any of the offenses specified in Section 290."

---

[6] Moreover, any fault in failing to make the contention earlier can hardly be assigned to plaintiff. While there is no right to effective assistance of counsel in these proceedings, any malpractice claim he might bring against his attorney, even if meritorious, could hardly provide adequate relief from the consequences of continued registration.

Section 290.5 provides in relevant part: "(a)(1) A person required to register under Section 290 for an offense not listed in paragraph (2), upon obtaining a certificate of rehabilitation . . . shall be relieved of any further duty to register under Section 290 if he or she is not in custody, on parole, or on probation. [¶] (2) A person required to register under Section 290, upon obtaining a certificate of rehabilitation . . . shall not be relieved of the duty to register under Section 290 . . . if his or her conviction is for one of the following offenses: [¶] . . . [¶] (N) Paragraph (1) of subdivision (b) of Section 288a, provided that the offense is a felony. [¶] . . . [¶] (b)(1) . . . [A] person described in paragraph (2) of subdivision (a) shall not be relieved of the duty to register until that person has obtained a full pardon as provided in Chapter 1 (commencing with Section 4800) or Chapter 3 (commencing with Section 4850) of Title 6 of Part 3."[7] In 2002, when plaintiff obtained his certificate of rehabilitation, section 290.5 was substantively identical in all relevant respects to the current version.[8]

Relying on the equal protection analysis in *Hofsheier, supra*, 37 Cal.4th at page 1198, plaintiff contends that section 290.5, subdivision (a)(2)(N) is

---

[7] The other enumerated offenses under section 290.5, subdivision (a)(2) include: "(A) Section 207 or 209 committed with the intent to violate Section 261, 286, 288, 288a, or 289. [¶] (B) Section 220, except assault to commit mayhem. [¶] (C) Section 243.4, provided that the offense is a felony. [¶] (D) Paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261. [¶] (E) Section 264.1. [¶] (F) Section 266, provided that the offense is a felony. [¶] (G) Section 266c, provided that the offense is a felony. [¶] (H) Section 266j. [¶] (I) Section 267. [¶] (J) Section 269. [¶] (K) Paragraph (1) of subdivision (b) of Section 286, provided that the offense is a felony. [¶] (L) Paragraph (2) of subdivision (b) of, or subdivision (c), (d), (f), (g), (i), (j), or (k) of, Section 286. [¶] (M) Section 288. [¶] . . . [¶] (O) Paragraph (2) of subdivision (b) of, or subdivision (c), (d), (f), (g), (i), (j), or (k) of, Section 288a. [¶] (P) Section 288.5. [¶] (Q) Subdivision (a), (b), (d), (e), (f), (g), or (h) of Section 289, provided that the offense is a felony. [¶] (R) Subdivision (i) or (j) of Section 289. [¶] (S) Section 647.6. [¶] (T) The attempted commission of any of the offenses specified in this paragraph. [¶] (U) The statutory predecessor of any of the offenses specified in this paragraph. [¶] (V) Any offense which, if committed or attempted in this state, would have been punishable as one or more of the offenses specified in this paragraph."

[8] In 2002, former section 290.5 provided in relevant part: "(a) A person required to register under Section 290 may initiate a proceeding under Chapter 3.5 (commencing with Section 4852.01) of Title 6 of Part 3, and, except persons described in paragraph (1) of subdivision (a) of Section 290.4, upon obtaining a certificate of rehabilitation, shall be relieved of any further duty to register under Section 290 if not in custody, on parole, or on probation. This certificate shall not relieve persons described in paragraph (1) of subdivision (a) of Section 290.4 of the duty to register under Section 290 and shall not relieve a petitioner of the duty to register under Section 290 for any offense subject to that section of which he or she is convicted in the future. [¶] (b)(1) . . . a person described in paragraph (1) of subdivision (a) of Section 290.4 shall not be relieved of the duty to register until that person has obtained a full pardon as provided in Chapter 1 (commencing with Section 4800) or Chapter 3 (commencing with Section 4850) of Title 6 of Part 3." (Stats. 1999, ch. 576, § 2, p. 4092.) A felony violation of section 288a, subdivision (b)(1) was at that time an enumerated crime under paragraph (1) of subdivision (a) of former section 290.4. (Stats. 2000, ch. 648, § 2, p. 4260.)

constitutionally invalid in that it excludes a person, such as himself, who has a felony conviction under section 288a, subdivision (b)(1), from the automatic registration relief conveyed by a certificate of rehabilitation while other similarly situated offenders, specifically those who have a felony conviction for unlawful sexual intercourse with a minor under section 261.5, are automatically relieved of the registration obligation when they obtain a certificate of rehabilitation.

■ " 'The constitutional guaranty of equal protection of the laws under the federal and state Constitutions " 'compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' " [Citation.] Where the statutory distinction at issue neither "touch[es] upon fundamental interests" nor is based on gender, there is no equal protection violation "if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" [Citation.] That is, where there are plausible reasons for the classification, our inquiry ends.' " (*People v. Tuck* (2012) 204 Cal.App.4th 724, 731 [139 Cal.Rptr.3d 407] (*Tuck*).)[9] Accordingly, to sustain an equal protection challenge to section 290.5, it must be shown that the classification scheme is irrational. (204 Cal.App.4th at p. 731.)

The irrationality of the classification that plaintiff challenges has already been determined by the Supreme Court in *Hofsheier*. The two classifications of persons receiving disparate treatment under section 290.5 challenged here are the same two classifications that were at issue in *Hofsheier*: adults convicted of voluntary oral copulation with minors over the age of 16 under section 288a, subdivision (b)(1) and adults convicted of voluntary sexual intercourse with minors over the age of 16 under section 261.5. (*Hofsheier, supra*, 37 Cal.4th at pp. 1206–1207.) If, as the Supreme Court held, the two

---

[9] In *Tuck*, this court rejected the claim that imposition of mandatory lifetime registration for the violation of section 288, subdivision (a) (lewd acts on a minor under the age of 14) constitutes an equal protection violation (*Tuck, supra*, 204 Cal.App.4th at p. 738). However, "[d]uring our consideration of this appeal, we asked the parties to address whether Tuck's ineligibility for a certificate of rehabilitation due to his conviction under section 288 runs afoul of the equal protection clause in light of the possible eligibility for such relief of other similarly situated sex offenders. We asked the question because section 290.5 provides that upon obtaining a certificate of rehabilitation an offender may be relieved of the registration requirement, while sections 290.5 and 4852.01 enumerate certain sex offenses that render an applicant ineligible for a certificate of rehabilitation. Tuck's conviction under section 288 is one such enumerated offense. But the question arises whether the eligibility criteria of sections 290.5 and 4852.01 result in the arbitrarily different treatment of similarly situated offenders because the courts may consider applications for certificates from some sex offenders but not others." (*Ibid.*) Ultimately, we concluded that we were not in a position to answer that question "[b]ecause Tuck ha[d] not yet applied for a certificate of rehabilitation and the trial court ha[d] not considered whether the equal protection principles articulated in *Hofsheier* require that such relief be made available to him." (*Id.* at pp. 738–739.)

classes are similarly situated for the purpose of imposing the registration requirement, we see no basis on which to conclude the classes are not also similarly situated for the purpose of obtaining relief from the registration requirement. (*Id.* at pp. 1199–1200 [the proper inquiry is not " 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged" ' "].)

Nonetheless, the Attorney General argues that those who suffer a felony conviction under section 261.5 are subject to potentially greater periods of incarceration than those who suffer a felony conviction under section 288a, subdivision (b)(1) and that those "who may potentially spend less time in prison . . . should report their whereabouts in the community to ensure its safety." This argument is based on an incorrect premise and questionable logic.

A felony conviction under section 288a, subdivision (b)(1) carries a prison term of 16 months, or two or three years (§§ 288a, subd. (b)(1), 1170, subd. (h)(1)). The Attorney General compares this sentence to the sentence of two, three or four years imposed for a felony violation of section 261.5, subdivision (d) (sexual intercourse by a person 21 years of age or older with a person under 16 years of age). However, for the violation of section 261.5, subdivision (b) (sexual intercourse with a minor who is not more than three years older or three years younger than the perpetrator) the offense is only a misdemeanor, and for the felony violation of section 261.5, subdivision (c) (unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator) the term is the same as for the violation of section 288, subdivision (a)—16 months, or two or three years (§§ 261.5, subd. (c), 1170, subd. (h)(1)). Section 261.5, subdivision (c) is the comparable sentencing scheme for determining whether the two classifications of sex offenders are similarly situated.

Moreover, even if, as the Attorney General posits, the proper comparison is between those convicted of violating section 288, subdivision (a) and section 261.5, subdivision (d), permitting the latter but not the former to obtain relief from the registration requirement is even more irrational. While the age of the victim by which sex offenses are defined justifies disparate treatment of offenders of the different statutes (*Tuck, supra,* 204 Cal.App.4th at p. 734), this rationale does not justify more severe treatment of those convicted of the lesser offense. The length of the potential prison term presumably corresponds to the severity of the offense. It is irrational—indeed, perverse—and constitutionally impermissible to impose stricter registration requirements on those subject to a shorter prison term than those subject to a longer term. (*Newland v. Board of Governors* (1977) 19 Cal.3d 705, 712 [139 Cal.Rptr. 620, 566 P.2d 254]; see *Gebremicael v. California Com. on Teacher*

*Credentialing* (2004) 118 Cal.App.4th 1477, 1488 [13 Cal.Rptr.3d 777].) If a person convicted of violating section 261.5, subdivision (d) is automatically relieved of the duty to register upon obtaining a certificate of rehabilitation, there is no justification for denying such relief to those convicted of violating section 288a, subdivision (b)(1). The Attorney General's suggestion that "[t]he Legislature also could have reasonably concluded that as a class, persons like appellant . . . who may potentially spend less time in prison than those who are convicted of a felony violation of section 261.5, subdivision (d) should report their whereabouts in the community to ensure its safety" makes little sense. A certificate of rehabilitation may not be obtained until the offender is no longer in custody. The need to track "their whereabouts in the community" after obtaining a certificate of rehabilitation can be no greater for those who have served a shorter time in prison than for those who have committed more-serious crimes resulting in longer prison terms.

Accordingly, we conclude that section 290.5, subdivision (a)(2)(N), which excludes those convicted of violating section 288a, subdivision (b)(1) from the automatic registration relief provided under section 290.5, subdivision (a)(1), denies such persons equal protection of the laws and is therefore invalid.

3. *The order denying the petition for writ of mandate must be reversed.*

In *Hofsheier*, the Supreme Court held that the proper remedy for the equal protection violation in that case was to strike the mandatory nature of the registration requirement imposed for the violation of section 288a, subdivision (b)(1), and to remand to the trial court to determine whether the defendant should be required to register under the discretionary provisions of what is now section 290.006. (*Hofsheier, supra*, 37 Cal.4th at pp. 1207–1209.) That relief was appropriate in that case because all sex offenders, including those convicted of violating section 260.5, are subject to the discretionary imposition of the registration requirement if the court makes the necessary findings.

In the present case, subjecting plaintiff to discretionary registration under section 290.006 is inappropriate for at least two reasons. Under the terms of section 290.5, subdivision (a)(1), an offender granted a certificate of rehabilitation is automatically relieved of the registration requirement. No further exercise of discretion is authorized, nor would such be consistent with the

provisions of section 4852.13. In granting plaintiff the certificate of rehabilitation, the court necessarily found that he does not "present[] a continuing threat to minors of committing any of the offenses specified in Section 290." (§ 4852.13, subd. (b).)[10]

Hence, the appropriate remedy here is to invalidate section 290.5, subdivision (a)(2)(N) and to enter an order relieving plaintiff of the registration requirement.

### Disposition

The order denying the petition for writ of mandate is reversed.

Siggins, J., and Jenkins, J., concurred.

**JENKINS, J.,** Concurring.—I join fully in the opinion written by my colleague Justice Pollak, but write separately to comment on the consequences of our decision in light of the interplay between Penal Code section 4852.01 et seq.[1] (request for certificate of rehabilitation) and section 290.5, subdivision (a)(1) (certificate of rehabilitation; relief from duty to register). As Justice Pollak's opinion makes clear, our Supreme Court's decision in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] compels the conclusion we reach here today. Simply put, in light of *Hofsheier*, section 290.5, subdivision (a)(2)(N) is unconstitutional because it excludes those, like plaintiff, who have been convicted under section 288a, subdivision (b)(1) from being automatically relieved of the requirement to register once they receive a certificate of rehabilitation while similarly situated offenders who have been convicted under section 261.5 of felony unlawful sexual intercourse with a minor are automatically relieved of the requirement to register when they obtain such a certificate.

Accordingly, today we invalidate section 290.5, subdivision (a)(2)(N) and plaintiff is automatically relieved of the obligation to register as a sex offender. Our invalidation of section 290.5, subdivision (a)(2)(N) is compelled by *Hofsheier*, but the automatic effect on plaintiff's obligation to register under section 290 merits further comment. Plaintiff's obligation to

---

[10] We note that section 4852.13, subdivision (c), authorizes a court to rescind a certificate of rehabilitation for certain offenders upon the application of a district attorney showing "by a preponderance of the evidence that the person who has received the certificate presents a continuing threat to minors of committing any of the offenses specified in Section 290." We do not consider whether after *Hofsheier* this subdivision would apply to persons convicted of violating section 288a, subdivision (b)(1), nor do we suggest that there is any basis for rescinding plaintiff's certification even if the statute should apply.

[1] Further statutory references are to the Penal Code unless otherwise noted.

register as a sex offender was imposed upon him by operation of law under the mandatory provisions of section 290. Thus, the sentencing court had no occasion to consider whether to impose the registration requirement in the exercise of its discretion pursuant to section 290.006. Moreover, when plaintiff petitioned the trial court for a certificate of rehabilitation, as a felon convicted under section 288a, subdivision (b)(1), he was not to be relieved of the obligation to register upon obtaining a certificate of rehabilitation. (§ 290.5, subd. (a)(2)(N).) Consistent with the language of section 290.5, subdivision (a)(2)(N), the record here reflects that when the trial court granted plaintiff's request for a certificate of rehabilitation, it had no reason to consider the impact of granting such relief upon his duty to register under section 290. Thus, plaintiff has been granted rehabilitation without any trial court having the occasion to consider the impact granting that relief would have on his duty to register under section 290.

In the circumstances, plaintiff is constitutionally entitled to be relieved of the requirement that he register as a sex offender. However, to ensure that the sex offender registration scheme reflects the public policy objectives the Legislature sought to accomplish when it included section 288a, subdivision (b)(1) among those offenses that would require registration notwithstanding issuance of a certificate of rehabilitation, the Legislature may wish to revisit the circumstances when under section 290.5 a grant of pardon or certificate of rehabilitation will automatically relieve a plaintiff from the registration requirements.

Siggins, J., concurred.