Filed 7/25/13  P. v. Baca CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>THEODORE GUY BACA,<br><br>        Defendant and Appellant. | A136662<br><br>(Alameda County<br>Super. Ct. No. H51043) |

Defendant Theodore Guy Baca was confined to county jail as a condition of probation and awarded conduct credit for time served in custody between his arrest and disposition. (Pen. Code, § 4019.)[1] Under the current statutory provision, which was in effect at the time defendant was awarded credits, the rate at which conduct credits are awarded is determined by the date a crime is committed with a higher rate applied to crimes committed on or after October 1, 2011. (§ 4019, subd. (h); Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35.) Defendant's crime was committed before this date, making him ineligible for enhanced credits. He contends that this disparate treatment violates constitutional guarantees of equal protection and due process. (U.S. Const., 5th & 14th Amends.) With some misgivings, we reject the contention and shall affirm the order.

## STATEMENT OF FACTS

On July 22, 2011, defendant tried to purchase a motorcycle with a forged check. He pleaded no contest to forgery (§ 470, subd. (d)) and admitted serving a prior prison

---

[1] All further section references are to the Penal Code except as noted.

1

term (§ 667.5). In exchange for his plea, other charges were dismissed and defendant was granted probation. Defendant was arrested a year later on suspicion of unlawfully taking a motor vehicle (Veh. Code, § 10851) and charged with violating his probation. Defendant admitted the probation violation and probation was reinstated on condition that he serve nine months in county jail. Defendant was awarded custody credit of 27 days and conduct credit of 13 days for time served between his arrest on July 21, 2012, and disposition on August 16, 2012.

## DISCUSSION

Operative October 1, 2011, the Realignment Act amended section 4019 to enhance the rate at which defendants may earn conduct credits from two days for every four days in custody to two days for every two days in custody. (See *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48-49 [describing statutory amendments].) The Legislature expressly stated that the amendment "shall apply prospectively" to inmates confined to jail "for a crime committed on or after October 1, 2011." (§ 4019, subd. (h).)

Defendant claims the statutory amendment creates two groups of people similarly situated yet disparately treated: (1) those jailed after October 1, 2011, for crimes committed before that date; and (2) those jailed after October 1, 2011, for crimes committed on or after that date. He contends the distinction lacks a rational basis because the purpose of conduct credits is to encourage good behavior, which applies equally to all inmates regardless of the date on which the underlying crime was committed. Defendant maintains that "tying an inmate's entitlement to pre-sentence conduct credits to the date of his or her crime(s) rather than the dates the custody is served, bears no rational relationship to the legislative object of encouraging good conduct by inmates" and, thus, violates both equal protection and due process guarantees.

" ' "The constitutional guaranty of equal protection of the laws under the federal and state Constitutions ' "compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." ' [Citation.] Where the statutory distinction at issue neither 'touch[es] upon fundamental

interests' nor is based on gender, there is no equal protection violation 'if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]' [Citation.] That is, where there are plausible reasons for the classification, our inquiry ends." ' [Citation.] Accordingly, to sustain an equal protection challenge . . . it must be shown that the classification scheme is irrational." (*D.M. v. Department of Justice* (2012) 209 Cal.App.4th 1439, 1450, fn. omitted.) A due process challenge faces a similar test. (*People v. Aguiar* (1968) 257 Cal.App.2d 597, 602.)

We agree with defendant that all persons in local custody after October 1, 2011, are similarly situated for the purpose of determining conduct credits regardless of the offense date. (*People v. Rajanayagam, supra,* 211 Cal.App.4th at pp. 53-54.) "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199-1200.)

The difficult question is whether the Legislature's distinction among defendants based on the offense date bears a rational relationship to a legitimate state purpose. The standard in making this determination is exceptionally deferential: "whether there is any reasonably conceivable state of facts that could provide a rational basis for the classification." (*People v. Rajanayagam, supra,* 211 Cal.App.4th at p. 54; *People v. Hofsheier, supra,* 37 Cal.4th at pp. 1200-1201.) Several courts have considered the question and under this deferential standard have found legitimate reasons for the distinction and upheld section 4019 against constitutional challenges. (*People v. Rajanayagam, supra,* at pp. 52-56; *People v. Verba* (2012) 210 Cal.App.4th 991, 995-997; *People v. Kennedy* (2012) 209 Cal.App.4th 385, 397-399.)

Although other reasons have been given, the most common is based on the pronouncement of the California Supreme Court that " '[t]he Legislature may specify that such statutes [lessening punishment for a criminal offense] are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written.' " (*People v. Floyd* (2003) 31 Cal.4th 179, 188.) Thus, in *Kennedy* the court stated: "[T]he Legislature could rationally have believed that by

3

making the 2011 amendment to section 4019 have application determined by the date of the offense, they were preserving the deterrent effect of the criminal law as to those crimes committed before that date. To reward appellant with the enhanced credits of the October 2011 amendment to section 4019, even for time he spent in custody after October 1, 2011, weakens the deterrent effect of the law as it stood when appellant committed his crimes. We see nothing irrational or implausible in a legislative conclusion that individuals should be punished in accordance with the sanctions and given the rewards (conduct credits) in effect at the time an offense was committed." (*People v. Kennedy, supra,* 209 Cal.App.4th at p. 399.)

One may question how applying an increased good conduct credit against the confinement period for past crimes can affect future deterrence. If one assumes that the length of prescribed confinement affects the disposition to commit future crimes, it is the prescription that will apply prospectively that will affect one's conduct, not whether the prescription was or was not applied to confinement for the commission of past crimes. That is, adopting the somewhat unrealistic assumption that increased conduct credits makes the commission of criminal acts more likely, it would seem that it is the prospective award of increased credits against confinement for future crimes that reduces the deterrent effect of punishment, not the fact that increased conduct credit has been awarded to those confined for crimes already committed. Nonetheless, given that this rationale has its roots in the holding of our Supreme Court, which we are bound to follow (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450) and thus far has been adopted by all appellate courts that have considered the question, we shall, with reservations, follow these precedents in concluding that defendant's constitutional rights to equal protection and due process were not violated.

4

## DISPOSITION

The order is affirmed.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.