Filed 9/8/15  P. v. Kox CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E061414 |
| v. | (Super.Ct.No. RIC1313109) |
| TERRY ALAN KOX, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Jean P. Leonard, Judge.

Reversed with directions.

Paul E. Zellerbach and Michael A. Hestrin, District Attorneys, and Natalie M.

Lough, Deputy District Attorney, for Plaintiff and Appellant.

Law Offices of Robert D. Salisbury and Robert D. Salisbury for Defendant and

Respondent.

1

The People appeal an order granting defendant Terry Alan Kox's petition for a certificate of rehabilitation and pardon under Penal Code section 4852.01.[1]  Although defendant's conviction under section 288 disqualified him from relief under the express terms of section 4852.01, subdivision (d), the trial court agreed with defendant that denial of relief would violate his right to equal protection under the law because a similarly situated defendant convicted under section 288.7 was not also disqualified.

We do not address the merits of defendant's equal protection argument because the Legislature amended section 4852.01, subdivision (d), to clarify that a defendant convicted under section 288.7 is ineligible for a certificate of rehabilitation and pardon. That statutory amendment renders moot defendant's equal protection claim.  Therefore, we reverse the order and remand for the trial court to enter a new order denying defendant's petition.

I.

PROCEDURAL BACKGROUND[2]

In 1992, defendant was charged in the former Municipal Court of San Bernardino County with eight counts of committing a lewd or lascivious act against a child under the age of 14 years old, in violation of section 288, subdivision (a).  As part of a plea bargain, defendant pleaded guilty to one count, and the People dismissed the remaining counts.

---

[1]  All additional undesignated statutory references will be to the Penal Code.

[2]  The facts of defendant's underlying conviction are not reflected in the record and are irrelevant to the issues on appeal.

Defendant was granted probation and ordered to serve 210 days in county jail. Defendant completed his term of probation in May 1997.

On October 30, 2013, defendant filed a petition in the Superior Court of Riverside County requesting a certificate of rehabilitation and pardon. In lieu of a memorandum of points and authorities, defendant attached to his petition a copy of the opinion in *People v. Tuck* (2012) 204 Cal.App.4th 724 (*Tuck*). In *Tuck*, the appellate court held that mandatory sex offender registration for a defendant convicted under section 288, subdivision (a), did not violate his right to equal protection under the law. (*Id*. at pp. 737-738.) Because the defendant in *Tuck* had not yet petitioned for a certificate of rehabilitation and pardon, the court declined to address whether denial of such a certificate would violate the defendant's equal protection rights. (*Id*. at pp. 738-739.)

Although defendant did not explain how the decision in *Tuck* supported his petition for rehabilitation and pardon, it became apparent later that he relied on the analysis found in a concurring opinion. Justice Pollak, who also authored the majority opinion in *Tuck*, wrote a separate concurring opinion in which he opined, in dicta, that denying a certificate of rehabilitation and pardon to a defendant who is subject to mandatory sex offender registration based on a conviction under section 288, subdivision (a), might violate that defendant's right to equal protection under the law. (*Tuck*, *supra*, 204 Cal.App.4th at p. 739 (conc. opn. of Pollak, J.).)

Justice Pollak's reasoning was somewhat complicated. A defendant convicted under section 288, subdivision (a), was statutorily ineligible for a certificate of rehabilitation and pardon under the express terms of section 4852.01, subdivision (d), and

ineligible for relief from sex offender registration pursuant to the express language of section 290.5, subdivision (a)(2), but a defendant convicted of engaging in sexual intercourse or sodomy with a child 10 years old or younger in violation of section 288.7 was not similarly ineligible. Although section 4852.01, subdivision (d), contains a catch-all disqualification for defendants serving life parole, Justice Pollak opined that a defendant convicted under section 288.7 was not subject to life parole and, therefore, was not subject to the catch-all disqualification because, based on his reading of apparently conjunctive language in section 3000.1, subdivision (a)(2), life parole was only mandatory when the defendant was convicted of violating sections 269 *and* 288.7. Finally, because a defendant convicted under section 288, subdivision (a), and a defendant convicted under section 288.7 (but not also convicted under § 269) were similarly situated, Justice Pollak concluded that denial of a certificate of rehabilitation and pardon to the former defendant and not to the latter would violate the former's right to equal protection under the law. (*Tuck*, *supra*, 204 Cal.App.4th at pp. 739-742 (conc. opn. of Pollack, J.).)

Defendant also attached to his petition a letter from the San Bernardino County Probation Department attesting to defendant's completion of probation; a letter from defendant explaining his personal growth since his conviction; and various testimonials to defendant's rehabilitation.

In a "report" on defendant's petition, the People argued defendant was statutorily ineligible for a certificate of rehabilitation and pardon under the express language of section 4852.01, subdivision (d), because he was convicted under section 288,

4

subdivision (a). The People argued the decision in *Tuck* did not support defendant's petition because the equal protection discussion in the concurring opinion was nonbinding dicta. Although the People recognized that another appellate court had recently adopted the reasoning from Justice Pollak's concurring opinion, the People noted the decision could not be cited because the appellate court granted a petition for rehearing. (*People v. Tirey* (Nov. 15, 2013) G048369, rehg. granted Dec. 11, 2013; *People v. Tirey* (Apr. 25, 2014) G048369, review granted & opn. ordered nonpub. Aug. 22, 2014, S219050.)

The People also argued the reasoning behind Justice Pollak's concurrence was flawed. Although the apparently conjunctive "and" between sections 269 and 288.7 in section 3000.1, subdivision (a)(2), rendered the statute ambiguous, the People contended the better reading of the statute, in light of its legislative purpose, was that a defendant convicted either under section 269 *or* section 288.7 was subject to life parole, and therefore was ineligible under section 4852.01, subdivision (d), to petition for a certificate of rehabilitation and pardon. Therefore, the People argued denial of a certificate of rehabilitation and pardon to defendant would not violate his right to equal protection under the law.

In his "opposition" to the People's report, defendant argued Justice Pollak's concurrence, though nonbinding, was persuasive and had been correctly adopted by the appellate court in *People v. Tirey*, *supra*, G048369. Although defendant's attorney acknowledged that a petition for rehearing had been filed in *People v. Tirey*, unlike the People, he did not further inform the trial court that the petition for rehearing had been

5

granted and that the depublished opinion was vacated and could not be cited or relied upon by any party or court.[3]  (Cal. Rules of Court, rules 8.268(d), 8.1115(a).)

On the date of the hearing on defendant's petition, the trial court noted the hearing had previously been continued to await the fate of the petition for rehearing in *People v. Tirey*, *supra*, G048369, and that the appellate court had since issued a new decision.[4] Based on that decision, the trial court stated its tentative ruling was to grant defendant's petition.  The People objected for the record to preserve its right to appeal.  The trial court granted defendant's petition and issued a certificate of rehabilitation and pardon. Defendant also requested that he be relieved of his duty to register as a sex offender, but

---

[3] Defendant's attorney was undoubtedly well acquainted with the status of the petition for rehearing because he represented the defendant in *People v. Tirey*, G048369. (See Cal. courts Web site, app. ct. case information <http://appellatecases. courtinfo.ca.gov/search/case/partiesAndAttorneys.cfm?dist=43&doc_id=2044448&doc_ no=G048369> [as of Sept. 8, 2015].)  The opposition he filed in the superior court in this case consists largely of sections obviously cut and pasted from the opposition he filed to the petition for rehearing in *People v. Tirey*.  For example, on the final page of the opposition counsel requests "that this Honorable Fourth Appellate District Published Opinion in the *People v. John Lynn Tirey*, Case # G048369 should stand and remain a published opinion accordingly."

[4] Two months after defendant's hearing, the California Supreme Court granted review in *People v. Tirey*, S219050.  The Supreme Court held the appeal pending its decision in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871 (*Johnson*) (holding mandatory sex offender registration for defendants convicted of nonforcible oral copulation by an adult over 21 years with a person under 16 years of age [§ 288a, subd. (b)(2)] does not violate the state or federal equal protection clauses, and overruling the rational basis test set forth in *People v. Hofsheier* (2006) 37 Cal.4th 1185).  (*People v. Tirey* (Aug. 22, 2014) 2014 Cal. Lexis 9394.)  In May 2015, the Supreme Court transferred the matter back to the Court of Appeal for reconsideration in light of *Johnson*. (*People v. Tirey* (May 20, 2015) 2015 Cal. Lexis 3706.)

the trial court declined to do so at that time because the Attorney General, who maintains the sex offender registration database, did not receive notice.

The People timely appealed the order.

II.

CONTENTIONS OF THE PARTIES

On appeal, the People repeat the argument they made below, that section 4852.01, subdivision (d), does not violate the equal protection rights of defendants convicted of violating section 288 by excluding them from eligibility for a certificate of rehabilitation and pardon because, under their preferred reading of section 3000.1, defendants convicted under section 288.7 are subject to mandatory life parole and, therefore, are similarly ineligible for a certificate of rehabilitation and pardon. In response, defendant asked that we abate this appeal until the California Supreme Court decides *People v. Tirey*, *supra*, S219050.[5]

---

[5] Although defendant's attorney acknowledged in his brief that the California Supreme Court granted review in *People v. Tirey*, S219050, half of his 12-page brief consists entirely of a lengthy quotation from what appears to be the original Court of Appeal decision that was vacated by the order granting rehearing. Absent exceptions not applicable here, the California Rules of Court clearly dictate that "an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published *must not be cited or relied on by a court or a party in any other action*." (Cal. Rules of Court, rule 8.1115(a), italics added.)

Counsel is hereby reminded that further violations of the rule against citing unpublished or depublished opinions may result in him being sanctioned. (*People v. Williams* (2009) 176 Cal.App.4th 1521, 1529 ["persistent use of unpublished authority may be cause for sanctions"].)

7

As noted, *ante*, in footnote 4, the California Supreme Court transferred *People v. Tirey*, *supra*, S219050, to the Court of Appeal for reconsideration, so we decline to abate this appeal. Even if we were to conclude that, at the time defendant filed his petition, section 4852.01, subdivision (d), violated the equal protection clause, the Legislature responded promptly to the Court of Appeal's decision in *People v. Tirey*, *supra*, G048369, and amended section 4852.01 and related sections of the Penal Code to make clear that defendants convicted under section 288.7 are statutorily ineligible for certificates of rehabilitation and pardon and for relief from mandatory sex offender registration. We conclude the amendment to section 4852.01, subdivision (d), which became effective January 1, 2015, renders moot defendant's equal protection claim.[6] Therefore, we reverse the order granting defendant's petition.

III.

DISCUSSION

The Penal Code provides that defendants convicted of a felony who are released from custody and satisfy certain requirements may petition for a certificate of rehabilitation and pardon. (§ 4852.01, subd. (a); see generally *People v. Schoop* (2012) 212 Cal.App.4th 457, 466.) At the time defendant filed his petition, section 4852.01, subdivision (d), provided in full: "This chapter [§ 4852.01 et seq.] shall not apply to

---

[6] The parties did not address in their original briefs whether the amendment to section 4852.01 renders moot defendant's claim, so by order dated May 14, 2015, we directed the parties to submit supplemental letter briefs on that issue. (Gov. Code, § 68081.)

8

persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of Section 286, *Section 288*, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, or persons in the military service." (Stats. 1997, ch. 61, § 2, p. 407, italics added.) In other words, on its face, section 4852.01 expressly disqualified persons such as defendant who were convicted under section 288 but did not expressly disqualify persons convicted of violating section 288.7.

Defendant's petition was based on the logic of Justice Pollak's concurring opinion in *Tuck* and the depublished opinion in *People v. Tirey*, *supra*, G048369, which concluded section 4852.01, subdivision (d), violated the equal protection rights of defendants convicted under section 288 because a defendant convicted under section 288.7 but not also convicted under section 269 was not subject to life parole pursuant to section 3000.1 and, therefore, was not similarly disqualified from receiving a certificate of rehabilitation and pardon. Whatever the merits of that argument at the time defendant made it, the argument no longer holds water.

The Court of Appeal in *People v. Tirey*, *supra*, G048369, issued its original opinion on November 15, 2013. Less than two months later, Assemblyman Linder introduced Assembly Bill No. 1438. (Assem. Bill No. 1438 (2013-2014 Reg. Sess.) as introduced Jan. 6, 2014.)[7] A bill analysis prepared for the Assembly Committee on

---

[7] Available at <http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_1401-1450/ab_1438_bill_20140106_introduced.pdf> (as of Sept. 8, 2015).

Public Safety explained that the purpose of the bill was "to add Penal Code section 288.7 to the list of offenses for which offenders are prohibited from petitioning for relief, correcting current law." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.) as introduced Jan. 6, 2014, p. 4.)[8]  According to the analysis, the bill that created section 288.7 (Sen. Bill No. 1128; Stats. 2006, ch. 337, § 9) "failed to make sufficient conforming changes" to related sections and "*unintentionally* allowed convicted adults, who engaged in sexual intercourse, sodomy, oral copulation, and sexual penetration with a child who is 10 years of age or younger, to apply for a rehabilitation certificate." (*Id*. at p. 5, italics added.)  Assembly Bill No. 1438 aimed to protect children by correcting that "oversight" and closing the "loophole." (*Id*. at pp. 4-5.)

An analysis prepared for the Assembly Committee on Appropriations presents a similar picture, explaining the amendment to section 4852.01 was intended as a "clarification" that defendants convicted under section 288.7 were never intended to be eligible for certificates of rehabilitation and pardon. (Assem. Com. on Appropriations, Analysis of Assem. Bill. 1438 (2013-2014 Reg. Sess.) as introduced on Jan. 6, 2014, p. 1.)[9]  "In the absence of this clarification," the analysis stated, "if the recent ruling from

---

[8]  Available at <http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_1401-1450/ab_1438_cfa_20140310_110006_asm_comm.html> (as of Sept. 8, 2015).

[9]  Available at <http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_1401-1450/ab_1438_cfa_20140408_093821_asm_comm.html> (as of Sept. 8, 2015).

a state appellate court [i.e., *People v. Tirey*, *supra*, G048369] stands, hundreds of sex offenders could be considered eligible for certificates of rehabilitation and relief from lifetime registration as a sex offender." (*Ibid*.) The analysis again explained that the aim of the bill was to close a "loophole" and eliminate an "anomaly" in existing law. (*Id*. at p. 2.)

The Governor signed Assembly Bill No. 1438 into law on August 25, 2014.[10] In addition to adding section 288.7 to the list of convictions that disqualify a defendant from petitioning for a certificate of rehabilitation and pardon (§ 4852.01, subd. (d); Stats. 2014, ch. 280, § 3), Assembly Bill No. 1438 also: (1) amended section 290.5, subdivision (a)(2), to provide that a defendant convicted of violating section 288.7 is ineligible to petition for relief from mandatory sex offender registration (§ 290.5, subd. (a)(2)(Q)); and (2) amended section 3000.1, subdivision (a)(2), to clarify that a conviction for violating either section 269 *or* 288.7 results in life parole. (Stats. 2014, ch. 280, §§ 1-2.)

"As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions ""'"upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in

---

[10] Chaptered Bill, available at <http://www.leginfo.ca.gov/pub/13-14/bill/asm/ab_1401-1450/ab_1438_bill_20140825_chaptered.pdf> (as of Sept. 8, 2015).

issue in the case before it."'"" [Citation.]" (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) "'The concept of justiciability is a tenet of common law jurisprudence and embodies "[t]he principle that courts will not entertain an action which is not founded on an actual controversy . . . ." [Citations.] Justiciability thus "involves the intertwined criteria of ripeness and standing. A controversy is 'ripe' when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made." [Citation.] But "ripeness is not a static state" [citation], and a case that presents a true controversy at its inception becomes moot "'if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character'" [citation].' [Citation.]" (*Fairview Valley Fire*, *Inc. v. Department of Forestry & Fire Protection* (2015) 233 Cal.App.4th 1262, 1272.) Put another way, "An issue becomes moot when some event has occurred which 'deprive[s] the controversy of its life.' [Citation.]" (*Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App.4th 231, 257.)

There is no question that, at all relevant times, defendant was ineligible for a certificate of rehabilitation and pardon under section 4852.01, subdivision (d), due to his conviction under section 288, subdivision (a). Defendant's sole claim to relief under that statute was to argue that defendants convicted under section 288.7, whom defendant argued are similarly situated, were not also ineligible. By amending section 4852.01, subdivision (d), the Legislature completely undermined defendant's argument. Because

12

defendant's equal protection argument is no longer valid, his claim to relief is no longer ripe, meaning it is now moot.[11]

We need not address whether the amendment to section 4852.01, subdivision (d), applies retroactively to defendants convicted under section 288.7 who petitioned for a certificate of rehabilitation and pardon before the amendment took effect. Defendant was never eligible for relief under that statute and, because defendant was not convicted under section 288.7, no issue of retroactivity is presented. Moreover, by pleading guilty, defendant cannot complain that a later enacted statute or statutory amendment undermines his equal protection argument. "[T]he general rule in California is that the plea agreement will be '"deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ."'" [Citation.]" (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.)

Because we conclude defendant's equal protection challenge to section 4852.01, subdivision (d), is no longer ripe, we reverse the trial court's order granting defendant a certificate of rehabilitation and pardon.

---

**11** Because defendant did not petition under section 290.5 for relief from his duty to register as a sex offender, the trial court declined to decide whether denial of such relief to defendant would violate his right to equal protection under the law, though the court stated on the record it believed he was so entitled. Our mootness analysis applies equally to the amendment to section 290.5, subdivision (a)(2), and similarly forecloses defendant's equal protection argument regarding that statute.

## VI.

## DISPOSITION

The order granting a certification of rehabilitation and pardon to defendant is reversed. On remand, the superior court shall enter a new order denying defendant's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
Acting P. J.

We concur:


KING
J.


MILLER
J.

14