Filed 5/4/15  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076845 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01397) |
| v. | |
| WILBERT EARL JACKSON, | |
| Defendant and Appellant. | |

Defendant Wilbert Earl Jackson appeals from the trial court's denial of his petition for a certificate of rehabilitation (Pen. Code, § 4852.01)[1] from the crime of lewd and lascivious acts with a child under 14 (§ 288, subd. (a)).  He contends the denial of his petition was an abuse of discretion.

We affirm.

---

[1]  Undesignated statutory references are to the Penal Code at the time of the charged offense.

1

## FACTUAL AND PROCEDURAL BACKGROUND

### The Crime

In 1985, defendant pleaded no contest to violating section 288, subdivision (a), lewd and lascivious acts on a child under 14. His daughter was the victim. He was sentenced to serve eight years in state prison. According to defendant's petition, he was discharged from parole in September 1989.

### The Motion

Defendant, age 68, filed a petition for a certificate of rehabilitation on March 18, 2013. Attached to the petition were photocopies of: (1) *People v. Tuck* (2012) 204 Cal.App.4th 724, 726-742, in which the court indicated a possible equal protection problem regarding the statutory provision making people convicted of section 288, subdivision (a), ineligible for a certificate of rehabilitation; (2) a psychiatric evaluation; and (3) a letter from defendant's pastor. No other evidence was submitted by defendant.

### Psychiatric Evaluation

The evaluation was performed on November 30, 2012. The psychiatrist noted the "[p]atient reports that at this time he did not understand the ramifications of pleading no contest and reports that that was what he was advised to do by the public defender and he did not have money for an alternative legal opinion." Regarding the offense, the psychiatrist wrote, "In 1985 patient reports having family stressors and going through stressors in regards to his wife." Defendant told the psychiatrist his wife was leaving the house and not coming back, showing little care in their marriage or his three children, and eventually leaving him. Defendant reported that the children were later taken away from him based on an anonymous report that he was an " 'unfit father.' " He then went through the legal process, but did not understand the plea and did not have a fair trial.

The psychiatrist observed that defendant "describes past history in a manner that appears that he did not do any sexual acts to children, but when asked explicitly he does admit to 'just touching and kissing and lying in bed with my daughter.' " Defendant told

2

the psychiatrist he had "bad boundaries" with his daughter and that he was in a difficult and stressful time in which he was holding down two jobs. Defendant understood this was wrong and admitted to "fondling his youngest daughter and allowing her to sleep in a bed with him when she was eight years old." Defendant told the psychiatrist that "contributors to his inappropriate acts were not having other appropriate female figures around, such as his wife." His attorney "advised him to not make any claims about innocence as it will possibly 'have a ripple effect that the judge would not look kindly on,' " and that he no longer had to "answer to those charges because I served my time."

The psychiatrist wrote that defendant appeared to be "guarded" during the interview, and speculated this may have been "due to the circumstances of the assessment as well as the contents of the assessment due to embarrassment and shame." The psychiatrist concluded that "[b]ased on limited collateral information" defendant did not appear to meet any criteria for antisocial personality disorder or "overt pedophilia based on what he is willing to discuss."

However, the psychiatrist expressly noted that no records about the commitment offense were provided to the psychiatrist and that the evaluation was based solely on statements made by defendant and his subjective report about the offense. The psychiatrist further wrote, "Please take this into consideration when evaluating the report. Encourage comparison with collateral information to verify accuracy of assessment based on current available information."

### Pastor's Letter

The letter, dated September 10, 2012, stated that the pastor first met defendant in 2006 at his work place, an Enterprise car rental in Elk Grove. The pastor noted defendant's "abiding faith," his "determination to better himself," and his "tenacious work ethics [*sic*] and trustworthiness." The pastor was "confident" that defendant "has risen beyond his past" and found him "a new man, filled with confidence, perseverance, and honesty." The letter concluded by stating that defendant is an asset to the community

3

and asked the trial court to consider defendant's "personal achievements and allow him to continue to build and reestablish his life and be a positive example for his family."

## The Trial Court's Ruling

Without reaching the constitutionality of the eligibility prohibition set forth in section 4852.01, subdivision (d), the court denied the petition on the merits. In explaining its denial, the court stated "[defendant's] petition is bereft of sufficient evidence to meet his burden of proof. [Fn. omitted.] Simply put, the alienist's submission is mixed and reflects little circumspection by the petitioner re his commitment offense—indeed it would appear that his commitment was the result of persuasion from his public defender. And, as it pertains to his pastor's letter, it not only lacks the gravity of a declaration of perjury but also any evident awareness from the scrivener of petitioner's commitment offense. [Fn. omitted.] Mindful that the standards for determining whether rehabilitation has occurred are high, petitioner's submission on the merits is lacking." Having denied defendant's petition on the merits, the trial court declined to address defendant's constitutional contention.

## DISCUSSION

Defendant contends the denial of his petition for rehabilitation was an abuse of discretion. We disagree.

Section 4852.01, subdivision (a), provides a means by which a person convicted of a felony can petition for a certificate of rehabilitation. "Any person convicted of a felony who has been released from a state prison or other state penal institution or agency in California, whether discharged on completion of the term for which he or she was sentenced or released on parole prior to May 13, 1943, who has not been incarcerated in a state prison or other state penal institution or agency since his or her release, and who presents satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition for a certificate of rehabilitation and pardon provided for by this chapter, may file the petition pursuant to the provisions of this chapter." (§ 4852.01,

4

subd. (a).)  To obtain a certificate of rehabilitation, "[t]he person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land."  (§ 4852.05.)  For crimes not otherwise specified, the defendant must be rehabilitated for seven years before filing the petition.  (§ 4852.03, subd. (a)(3).)

Our Supreme Court has made it clear that a certificate of rehabilitation is not necessarily available to every convicted felon who claims to meet the minimum statutory requirements and is otherwise eligible to apply, and the standards for determining whether rehabilitation has occurred are high.  (*People v. Ansell* (2001) 25 Cal.4th 868, 887-888.)  "The decision whether to grant relief based on the evidence is discretionary in nature.  [Citation.]"  (*Id*. at p. 887.)

Defendant contends the trial court erred in finding the pastor's letter was less worthy of consideration because it was not made under penalty of perjury and because the pastor did not state an awareness of defendant's prior conviction.  According to defendant, finding that he was not rehabilitated on this basis is a "manifest abuse of discretion."

The trial court correctly placed the burden of proof on defendant and ruled that the meager evidence submitted with the petition did not satisfy defendant's burden of proving he satisfied the standard set forth in section 4852.05.  It was not an error for the trial court to note that the pastor's letter lacked context, namely the serious felony for which defendant had been convicted, molesting his young daughter.  As for the psychiatric report, the trial court could reasonably conclude that the evaluation, which notes defendant's minimizing of the offense and his culpability, is evidence that

5

defendant has not rehabilitated. It was not an abuse of discretion to deny the petition based on this evidence.**2**

**DISPOSITION**

The judgment is affirmed.

        MURRAY    , J.

We concur:

    NICHOLSON    , Acting P. J.

    ROBIE    , J.

---

**2** We also note that defendant is statutorily ineligible to file a petition for rehabilitation. (See § 4852.01, subd. (d) ["This chapter shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of . . . Section 288, . . . ."].) The constitutionality of this provision is currently before the California Supreme Court. (See *People v. Tirey* (2014) 225 Cal.App.4th 1150, 1154 (review granted Aug. 22, 2014, S219050) [holding that applying ineligibility to defendant convicted under section 288, subdivision (a), violates equal protection because defendants convicted under section 288.7 are eligible for rehabilitation].) Since we affirm the trial court's finding that defendant did not meet his burden of proving rehabilitation, we need not address the constitutionality of section 4852.01, subdivision (d). (See *Lyng v. Northwest Indian Cemetery Protective Assn.* (1988) 485 U.S. 439, 445 [99 L.Ed.2d 534, 544] ["A fundamental and long-standing principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."]; see also *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230-231 [same].)