Filed 11/13/15  P. v. McGeehan CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL PATRICK MCGEEHAN,<br><br>    Defendant and Appellant. | A139676<br><br>(Contra Costa County<br> Super. Ct. No. 5-130966-5) |

This is an appeal from the trial court's denial of appellant Michael Patrick McGeehan's application for a certificate of rehabilitation and pardon pursuant to Penal Code section 4852.01with respect to his 1994 conviction on two counts of committing a lewd act on a child 14 or 15 years-old while of an age at least 10 years older than the child (Pen. Code, § 288, subd. (c)).[1]  Appellant challenges the trial court's decision based on the Equal Protection Clause of the California and United States Constitutions.  For reasons explained below, we disagree that appellant's equal protection rights have been violated in this case.  We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 1994, appellant was convicted of the following crimes:  two counts of lewd and lascivious acts on a child age 14 or 15 by a person at least ten years older (§ 288, subd. (c)) (counts one and four); one count of rape by a foreign object by force

---

[1]     Unless otherwise stated, all statutory citations herein are to the Penal Code.

(§ 289, subd. (a)) (count two); one count of assault with intent to commit a sex felony (§ 220) (count six); one count of misdemeanor sexual battery (§ 243.4, subd. (d)) (count seven); and seven counts of misdemeanor child molestation (§ 647.6) (counts eight through fourteen). Appellant was sentenced to a total prison term of six years.

In May 2013, many years after completing his prison term and being released on parole, appellant applied to the court for a certificate of rehabilitation and pardon pursuant to section 4852.01. The trial court denied appellant's application as to his two section 288, subdivision (c) offenses, lewd acts on a child age 14 or 15 (counts one and four), after finding him ineligible for a certificate of rehabilitation under section 4852.01, subdivision (d). In doing so, the trial court noted for the record that "it appears as though this was an offense that has not been repeated, and that Mr. McGeehan has gone on to live a law abiding and otherwise appropriate life, not re-offending." Nonetheless, the court concluded it was statutorily-barred by section 4852.01 from granting the application as to the section 288, subdivision (c) offenses. Appellant timely appealed this decision.

## DISCUSSION

Appellant raises a constitutional challenge under the equal protection clause to the trial court's denial of his application for a certificate of rehabilitation with respect to his conviction under section 288, subdivision (c), on two counts of committing a lewd act upon a child age 14 or 15 when more than 10 years older than the child. " 'The constitutional guaranty of equal protection of the laws under the federal and state Constitutions " 'compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' " [Citation.] Where the statutory distinction at issue neither "touch[es] upon fundamental interests' nor is based on gender, there is no equal protection violation 'if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" [Citation.] That is, where there are plausible reasons for the classification, our inquiry ends. . . .' (*People v. Alvarado* [(2010)] 187 Cal.App.4th [72,] 76; see also, e.g., *People v. Rhodes* (2005) 126 Cal.App.4th 1374, 1382-1387 [24 Cal.Rptr.3d 834].)" (*People v. Tuck* (2012) 204 Cal.App.4th 724, 731. See also *People v. Rhodes, supra*, 126

Cal.App.4th at p. 1387 [" 'legislative classification is permissible when it is based upon some distinction reasonably justifying differentiation in treatment' "].)

" ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." ' ([*People v.*] *Hofsheier* [(2006)] 37 Cal.4th [1185,] 1199.) 'It may well be that in most cases . . . persons who commit different crimes are not similarly situated, but there is not and cannot be an absolute rule to this effect, because the decision of the Legislature to distinguish between similar criminal acts is itself a decision subject to equal protection scrutiny. "The Equal Protection Clause requires more of a state law than nondiscriminatory application within the class it establishes. [Citation.] It also imposes a requirement of some rationality in the nature of the class singled out." [Citations.] Otherwise, the state could arbitrarily discriminate between similarly situated persons simply by classifying their conduct under different criminal statutes.' (*Ibid*., fn. omitted.)" (*People v. Tuck, supra,* 204 Cal.App.4th at pp. 731-732.)

Below, the trial court found appellant's request statutorily-barred under section 4852.01, subdivision (d), which renders all persons convicted of a section 288, subdivision (c) offense ineligible for a certificate of rehabilitation.[2] On appeal, appellant

---

[2] As of completion of briefing in this appeal, section 4852.01 provided in relevant part as follows: "(a) Any person convicted of a felony who has been released from a state prison or other state penal institution or agency in California, whether discharged on completion of the term for which he or she was sentenced or released on parole prior to May 13, 1943, who has not been incarcerated in a state prison or other state penal institution or agency since his or her release and who presents satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition for a certificate of rehabilitation and pardon provided for by this chapter, may file the petition pursuant to the provisions of this chapter. . . . [¶¶] (d) This chapter shall not apply to persons serving a mandatory life parole, . . . persons convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289 . . . ." (former § 4852.01, subds. (a), (d).) However, as we will discuss below, section 4852.01, subdivision (d) was amended, effective January 1, 2015, such that subdivision (d) now reads in relevant part: "(d) This chapter shall not apply to persons serving a mandatory life parole, . . . persons convicted

---

argues that barring him from applying for or obtaining a certificate of rehabilitation pursuant to section 4852.01, subdivision (d) deprived him of his constitutional right to equal protection under the law because persons convicted of more serious sex crimes under section 288.7, such as having sexual intercourse or sodomy with a child less than 10 years of age, were eligible for obtaining a certificate of rehabilitation pursuant to the section 4852.01.[3]  Specifically, as reasoned in appellant's Opening Brief:  "[He] was convicted . . . of a violation of Penal Code section 288(c), lewd and lascivious acts upon a minor age 14 or 15.  However, Sections 290.5(a)(2) and 4852.[0]1(d) . . . precluded him from obtaining a certificate of rehabilitation and pardon while allowing those convicted of [section] 288.7 (and other more egregious offenses), involving sexual intercourse with minors under the age of 10, to obtain a certificate of rehabilitation and pardon under [sections] 290.5(a)(2) and 4852.[0]1(d)[, which] clearly deprives the Appellant of his right to equal protection and, thus, the statute is clearly unconstitutional as applied to [him] in this matter."[4]

---

of a violation of Section 269, subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, Section 288.7, or subdivision (j) of Section 289 . . . ." (§ 4852.01, subd. (d).)  Thus, with this amendment, sections 269 and 288.7 were added to the list of offenses in section 4852.01, subdivision (d), for which the offender is precluded from seeking or obtaining a certificate of rehabilitation.

[3]      Section 288.7 provides:  "(a) Any person 18 years of age or older who engages in sexual intercourse or sodomy with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life. [¶] (b) Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life."

[4]      While appellant, at times in briefing, appears to challenge both section 4852.01 and section 290.5 on equal protection grounds, his application for a certificate of rehabilitation, and the trial court's denial of it, was pursuant to section 4852.01.  We accept these two statutes – section 4852.01, which authorizes certain sex offenders to apply for a certificate of rehabilitation, and section 290.5, which authorizes certain sex offenders to seek relief from the otherwise mandatory lifetime registration requirement – are indeed related.  However, persons seeking relief from the duty to register as a sex offender under sections 290.5 must first obtain a certificate of rehabilitation pursuant to

4

However, after the parties had submitted their briefs on appeal, the California Legislature amended section 4852.01, subsection (d) to expressly include section 288.7, with section 288, subdivision (c), in the list of offenses for which offenders are prohibited from seeking or obtaining a certificate of rehabilitation.[5] (Stats. 2014, ch. 280, § 3 (AB 1438), effective January 1, 2015.) In addition, on January 29, 2015, the California Supreme Court overruled *Hofsheier*, and disapproved of Court of Appeal cases that relied on it, when it held that a plausible basis exists for the disparity in the Legislature's treatment of section 288a, subdivision (b)(2) offenders (nonforcible oral copulation with a minor under 16) and section 261.5 offenders (nonforcible sexual intercourse with a minor) for purposes of the right to relief from the mandatory registration requirement under section 290. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881-882, 887 [*Johnson*].)[6] Accordingly, we gave the parties the opportunity to file supplemental

___

section 4852.01. (§ 290.5, subd. (a)(1) ["A person required to register under Section 290 for an offense not listed in paragraph (2), *upon obtaining a certificate of rehabilitation under Chapter 3.5 (commencing with Section 4852.01) of Title 6 of Part 3*, shall be relieved of any further duty to register under Section 290 if he or she is not in custody, on parole, or on probation"] [Italics added].) Thus, because the trial court denied appellant's application for a certificate of rehabilitation under section 4852.01, subdivision (d), with the result that appellant has not yet come within the scope of section 290.5, we conclude consideration at this time of his separate challenge to section 290.5 is not warranted.

[5] The legislature also amended section 3000.1 (the lifetime parole statute), replacing the former language, "Section 269 and 288.7," with new language, "Section 269 or 288.7," to clarify that a person convicted of either offense (as opposed to both offenses) would be subject to lifetime parole status. (Stats. 2014, ch. 280, § 2.)

[6] In *Johnson*, the defendant pled guilty to nonforcible oral copulation with a minor under 16 in violation of section 288a, subdivision (b)(2), and thereafter filed a petition seeking relief from section 290's mandatory registration requirement. After his petition was denied, the defendant brought an appeal seeking reversal of the decision on equal protection grounds. Similar to appellant, the defendant reasoned that his rights to equal protection were violated by the fact that, as a section 288a offender, he was statutorily-barred from seeking relief from the mandatory registration requirement, while section 261.5 offenders, who may have committed more egregious offenses, were not so barred. (*Johnson, supra*, 60 Cal.4th at pp. 874-876.) The appellate court accepted this argument. (*Id.* at p. 876.) However, the California Supreme Court reversed, reasoning as follows:

briefs to discuss the impact, if any, of these events on this appeal. Having considered this supplemental briefing in light of the now-applicable law, we conclude for reasons that follow that appellant's equal protection challenge must be rejected.

Simply put, the amendment to section 4852.01, subdivision (d) – and, in particular, its addition of section 288.7 to the list of offenses subject to the mandatory lifetime registration requirement under section 290 – eviscerates appellant's equal protection argument, which, in turn, is the only argument put forth on appeal to challenge the denial of his application for certificate of rehabilitation. As stated above, to prove an equal protection violation under the state or federal Constitution, a defendant must show that two "similarly situated" groups were subject to "disparate treatment" under the law. (See *Johnson, supra*, 60 Cal.4th at pp. 881-882.) Here, there is no such disparate treatment of similarly-situated groups in light of the change in statutory law. To the contrary, both section 288, subdivision (c) offenders, like appellant, and section 288.7 offenders, the group he relies upon to show disparate treatment, are prohibited from seeking relief under section 4852.01 from the mandatory lifetime registration requirement.[7] As such, there was no denial of equal protection in this case.

Finally, in reaching this conclusion, we reject appellant's argument in supplemental briefing that the new version of section 4852.01 cannot be "applied

---

"[A]n equal protection challenge can be sustained only if section 261.5 offenders and section 288a offenders are similarly situated, and if the challenger ' "negative[s] every conceivable basis" ' that might support section 261.5's [nonforcible intercourse with a minor] omission from section 290's list of offenses subject to mandatory registration. [Citations.]" (*Johnson, supra*, 60 Cal.4th at p. 882.) According to the California Supreme Court, this standard was not met in *Johnson* because "the nature and potential consequences of unlawful sexual intercourse [including the risk of pregnancy] provide actual and plausible rationales for the Legislature's omission of section 261.5 from section 290's list of offenses." (*Ibid.*)

[7] *Johnson*, thus, is distinguishable. Unlike here, in *Johnson*, there was a statutory disparity. (60 Cal.4th at p. 874 ["As relevant here, the act allows for *discretionary* sex offender registration for those convicted of unlawful sexual intercourse with a minor (§§ 261.5, 290.006), but imposes *mandatory* registration for those convicted of crimes involving other types of sexual activity with a minor (§ 290, subds. (b), (c))"].)

retroactively" to his case in light of the lack of an express statement by the Legislature that it intended the statute to have such effect. As appellant notes, grounded in the proscription against *ex post facto* laws (U.S. Const., art. I, § 9, cl. 3), the Penal Code mandates that "no part of [it] is retroactive, unless expressly so declared." (§ 3.) However, "[a]lthough the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has long been recognized by this Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes *which disadvantage the offender affected by them.*" (*Collins v. Youngblood* (1990) 497 U.S. 37, 41 [italics added].) Here, there has been no comparable disadvantage imposed upon appellant by the change in law. Now, just as before, appellant's offense, section 288, subdivision (c), is included in section 4852.01, subdivision (d)'s list of offenses for which a defendant is barred from seeking a certificate of rehabilitation. Although the statutory amendment had the indirect effect of undermining appellant's *legal argument* for purposes of this appeal by taking away his ability to rely on section 288.7 to prove disparate treatment, it did not affect his underlying conviction or sentence. As such, the issue of retroactivity is not implicated in this case.

Accordingly, based upon the relevant statutory law, we reject appellant's equal protection challenge and affirm the trial court's finding that he is ineligible to apply for a certificate of rehabilitation pursuant to section 4852.01.

## DISPOSITION

The trial court order denying appellant's application for a certificate of rehabilitation and pardon pursuant to section 4852.01 with respect to his section 288, subdivision (c) offenses is affirmed.

_____

Jenkins, J.

I concur:

_____

McGuiness, P. J.

7

POLLAK, J., Concurring.

Whatever reservations one may have about the wisdom of the current statutory scheme, I agree with my colleagues that the Legislature has spoken and removed the premise of appellant's equal protection argument. Appellant's only means of obtaining relief from the lifetime registration requirement is to obtain a full pardon. (Pen. Code, § 290.5, subd. (b)(1).)

_____
Pollak, J.

1